## Huckaby *v.* Jenkins *et al.*[*]

(Division B. March 4, 1929. Suggestion of Error Overruled April 1, 1929.)

[121 So. 130. No. 27749.]

---

[*]Corpus Juris-Cyc References: Appeal and Error, 4CJ, section 2869, p. 898, n. 92.

*Holmes & Holmes* for appellant.

*Barbour & Henry* and *C. E. Morgan,* for appellees.

GRIFFITH, J. This is another of the many cases where unfortunately nearly every witness, who could give the court the full facts and all the details thereof, is disqualified under section 1917, Code of 1906. This record bears many indications that, except for the disqualification of the witnesses who knew the true facts, the testimony would have disclosed a good gift *causa mortis*—not one *inter vivos.*

It being known in advance that by operation of the statute aforesaid it would not be possible to have before

him all the facts, it was the responsible duty of the chancellor to make an especial effort to diligently attend each witness that could be and was presented, to closely watch every maneuver, and to take the greatest caution that nothing of value for the purposes of a correct decision should escape him. His advantages in these respects were and are superior to ours, since we have before us only the written record. We have no doubt that the capable and conscientious chancellor who heard this case faithfully discharged every one of his aforementioned duties. His findings of fact are supported by sufficient evidence, and, the whole situation presents a case, and peculiarly so, in which the chancellor's decision should stand as correct.

*Affirmed.*

## On Suggestion of Error.

ANDERSON, J. Mrs. Whitehead transferred to appellant her bank deposit. The question before the chancellor was whether the transfer was intended as a gift absolute or in trust. The chancellor decreed that it was a transfer in trust. In the opinion handed down the court held that the chancellor's findings of fact were supported by sufficient evidence, and that the whole situation presented a case in which the chancellor's decision should stand. On suggestion of error it is argued that there was no real conflict in the material evidence, and, that being true, the decisions of this court holding that the chancellor's finding on an issue of fact will not be disturbed, unless against the overwhelming weight of the evidence, have no application.

It is true, as contended by appellant, that there was no substantial conflict in the evidence as to the facts and circumstances surrounding the transfer of the bank deposit. The question before the chancellor was what those surrounding facts and circumstances meant. The ulti-

mate fact to be proven was Mrs. Whitehead's state of mind or intent; that was sought to be shown by witnesses who testified to what Mrs. Whitehead said and did at the time of the transfer, in connection with the other surrounding facts and circumstances. In order to find the ultimate fact—her state of mind—the chancellor was required to draw deductions from the evidence. The evidence, although in the main undisputed, reasonably justified either of two inferences—that the transfer of the bank deposit was intended as a gift absolute, or was a transfer in trust. The trior of an issue of fact, whether judge or jury, where the ultimate fact to be proven depends on the surrounding facts and circumstances of the transaction out of which the ultimate fact grew, must by process of reasoning and deduction find the ultimate fact. If, from the undisputed facts and circumstances, two reasonable inferences of fact may be drawn, which inferences are conflicting, and the trior of the issue of fact has found in favor of one as the more reasonable, such finding will not be set aside on appeal, unless against the overwhelming weight of the evidence.

The chancellor in this case heard and saw the witnesses testify, and observed their demeanor on the witness stand. It could have been reasonably inferred from the undisputed evidence that the transfer of the bank deposit was intended as a gift absolute, and, on the other hand, it could have been reasonably inferred that it was a transfer in trust. The chancellor found that the latter was the more reasonable inference. The two inferences, of course, were conflicting. The chancellor settled the conflict. This court cannot substitute its judgment for his.

*Suggestion of error overruled.*