EARLY *v.* U. S. FIDELITY & GUARANTY CO.

(Division B.   Nov. 15, 1937.)

[176 So. 720.   No. 32891.]

Chester L. Sumners, of Corinth, and Fred B. Smith, of Ripley, for appellant.

Ely B. Mitchell and W. C. Sweat, both of Corinth, for appellee.

Argued orally by C. L. Sumners and Fred B. Smith, for appellant, and by W. C. Sweat and Ely B. Mitchell, for appellee.

Griffith, J., delivered the opinion of the court.

The record in this case consists of three volumes, and embraces such a wide range of facts and figures as to make a written review of it impossible within a reasonable length of recital. The picture presented is that of the optimism everywhere entertained by businessmen, when values were high and when nearly all of those engaged in any profitable enterprise were regarded as good for any obligations undertaken by them and would continue so to be, and then the dismal realizations to the contrary which followed the financial crash of six or seven years ago.

The facts disclosed by this record, are such, looking backward, that one who prefers to reach the conclusion that a conscious unfaithfulness, amounting to dishonesty or fraud, on the part of the bank president, has been established, may find sufficient support for such a conclusion; while, on the other hand, another, viewing the facts as of the time when the events transpired and preferring to reach the opposite view, will find little difficulty in arriving at the conclusion so preferred by him.

The case, therefore, is one which turns upon the reasonable inferences to be drawn from the admitted facts, or those established by all the proof; and it was the province of the chancellor, entertaining no preferences or prejudgment, to draw from all the facts upon the completed record such inferences as to him appeared the more reasonable and just; and, when either of two conclusions from such reasonable inferences is justified by the evidence, that reached by the chancellor must be accepted as correct. It is only when it is clearly manifest that the chancellor should have accepted the opposite view that this court may interfere. Huckaby v. Jenkins, 153 Miss. 359, 361, 121 So. 130. We think, as already indicated, that there is no such manifest case here as would authorize our intervention.

Affirmed.