Alleging that her husband on January 6, 1948 suffered a stroke while he was a passenger on the bus operated by the defendant corporation, and that his subsequent death resulted from the negligence of the driver of the bus in permitting the deceased to fall to the floor of the bus; in failing to summon medical aid and in leaving him unattended on the ground in cold weather, plaintiff filed this suit seeking $25,000.00 in damages from the City of Monroe, Louisiana.
The answer admitted that plaintiff's husband was a passenger as alleged, but set forth that the driver of its bus exercised the utmost care, and, over objections of the deceased, requested and obtained assistance for plaintiff's stricken husband, who was taken almost immediately to the Monroe Charity Hospital.
In a written opinion, the District Court found that no acts of negligence on the part of the bus driver were proven and expressed the opinion that the action of the bus driver constituted a prudent handling of a person becoming ill on a public conveyance.
From a judgment rejecting her demands, plaintiff prosecutes this appeal.
At approximately 12:20 p.m., Mr. Trichel, plaintiff's deceased husband, boarded the bus operated by James Richardson at a downtown bus stand and requested to be let off at the intersection of Georgia and Thomas Streets. Richardson noticed that Mr. Trichel was sitting in his seat like he was asleep and when the bus reached the Thomas Street destination, Richardson reached back and shook Mr. Trichel, who was seated in the seat immediately behind the driver. Mr. Trichel started to rise and in his effort to do so, fell down. Whereupon, the driver, with the aid of a colored passenger, assisted Mr. Trichel off the bus and to a half-sitting, half-reclining position on the sidewalk or adjacent neutral ground. Richardson called a Mrs. Fletcher from her house across the street and asked her if she knew where Mr. Trichel lived and requested her to call an ambulance or the police for assistance. Plaintiff's husband, who was somewhat incoherent but still able to talk intelligently, stated that it was unnecessary to call for assistance as some one (presumably a relative or friend), would "come by and pick me up." The driver then proceeded on his regular bus run. Mrs. Fletcher, leaving Mr. Trichel on the neutral ground, went across the street to her house and telephoned police headquarters. A radio operator contacted a nearby police car, which *Page 286 
arrived promptly and carried Mr. Trichel to the Monroe Charity Hospital. A doctor there diagnosed Mr. Trichel's condition as "cerebral hemorrhage, more commonly known as a stroke." He noted no bruises on his head. Later in the afternoon, Mr. Trichel was removed by his family to the St. Francis Sanitarium, where he was treated by Dr. Irving Wolff until his death less than three days later. Dr. Wolff gave as the cause of death "cerebral hemorrhage, uremia, and hypostatic pneumonia."
The acts of negligence set forth in plaintiff's petition were:
(1) Careless handling by the bus driver resulting in his passenger being dropped to the floor.
(2) Removing deceased from the bus and leaving him exposed to excessive cold.
(3) Failing to promptly secure medical aid.
We find that plaintiff's husband did fall in the bus, but that the fall occurred before the driver had reason to believe that he was in a helpless condition and after the driver had aroused him when the bus reached his destination and he had started to rise from his seat as if in response to the information that he had reached his stopping point.
It was after this fall that the driver, realizing Mr. Trichel's condition, secured the aid of a colored passenger and the two safely assisted Mr. Trichel to the ground. The charge of exposure to excessive cold weather was not sustained since all witnesses testified that the day was warm and that "shirt sleeves" were worn by most of the witnesses. The police officers came within a matter of minutes after Mrs. Fletcher's call and promptly carried Mr. Trichel to the hospital.
We recognize as the law applicable to the case at bar the principal enunciated in the case of Conolly v. Crescent City Railroad Co., 41 La. Ann. 57, 5 So. 259, 6 So. 526, 3 L.R.A. 133, 17 Am.St.Rep. 389, followed in the later case of Searcy v. Interurban Transportation Company, 189 La. 183, 179 So. 75, namely, that it is the duty of a carrier to exercise reasonable care and diligence and make temporary provision for the protection and comfort of a passenger who becomes helpless and unable to take care of himself.
There is no showing in the record that the driver, when the bus reached Mr. Trichel's destination and he found that passenger apparently asleep, had any reason to believe that he was sick or helpless. Under these circumstances, his action in shaking a drowsy passenger at his destination was not imprudent or negligent. The record further shows that when Mr. Trichel's fall occurred, the driver, realizing that his condition was one of sickness, exercised due care in assisting him from the bus and to the sidewalk and neutral ground. His action in requesting the aid of Mrs. Fletcher in identifying Mr. Trichel and finding out where he lived was logical and what might have been expected under the circumstances. When he insisted that Mrs. Fletcher call for assistance — over the protestations of Mr. Trichel that he was all right — he exercised not only ordinary prudence, but possibly a greater degree of care than might have been required. The police car arrived without undue delay and the officers acted promptly in taking the sick man to the hospital.
While we find that the weather was fair and not too cold, this point is of little consequence in view of our finding that the principal cause of plaintiff's husband's death was the cerebral hemorrhage and that there is a lack of any substantial testimony that the hypostatic pneumonia, listed as a third cause on the death certificate, was a proximate cause of deceased's death or that its existence was logically connected with the time which elapsed between Mr. Trichel's getting off the bus and the arrival of assistance.
The evidence shows conclusively that James Richardson, the driver of the bus, was guilty of none of the three specific acts of negligence set forth in plaintiff's petition. Our finding of fact is therefore in agreement with that of the capable Judge of the District Court.
The judgment is affirmed, with costs. *Page 287