THAMES *v.* THAMES.

No. 39424 January 3, 1955 76 So. 2d 707

*Pyles & Tucker,* Jackson, for appellant.

*Barnett, Jones & Montgomery,* Jackson, for appellee.

McGEHEE, C. J.

On November 22, 1943, the appellant Tom Sullivan Thames obtained a decree of divorce from the appellee Mrs. Eunice Hall Thames on the ground of alleged cruel and inhuman treatment. His wife did not contest the suit for divorce but she was adjudged to be a fit and proper person to have the permanent care, custody and control of the minor children, Robert Henry Thames,

then three years old, and Lana Ruth Thames, then one year old, and by that decree the husband was required to contribute to the wife $50.00 per month as alimony, and $30.00 per month for the support of his son Robert Henry Thames, and $20.00 per month for the support of his daughter Lana Ruth Thames, and with the right to visit his said children at all reasonable times.

Shortly before the rendition of the decree of divorce the complainant in that suit had entered the armed services, and these monthly allowances were paid by the government until about the year 1946 when he was discharged from the army. But he has not contributed more than $350.00 or $365.00 in money to the support of his wife and children, according to his own testimony, since he returned to civilian life, although he claims to have made some contributions in clothing.

On August 17, 1953, the appellee, who had been out of employment for a period of about two months, caused the appellant to be cited for contempt of court for noncompliance with the decree of November 22, 1943. The appellant filed an answer to the petition, in which he alleged that he was no longer able to make the payments because of his moderate income and further alleged that he had remarried and has two children by his second marriage, and that his wife's mother is also dependent upon him for support. The proof discloses that he remarried on the day he obtained his divorce, and thereby assumed the responsibilities incident to his second marriage.

The appellant embodied a cross petition in his answer and asked that he be awarded the care and custody of the two children of his former marriage mentioned in the decree of divorce, and then alleged affirmatively that the appellee, Mrs. Eunice Hall Thames, gave birth to her third child, born between nine and ten months after the rendition of the decree of divorce on November 22, 1943, and that he was not liable to support said

child, Doris Fay Thames. This answer and cross petition was filed on September 12, 1953 .

It appears from the record on the trial of the instant proceeding that the appellee herein has been residing in Memphis, Tennessee, and that her attorneys received the information by telephone and from the original divorce proceedings in preparing the petition for the citation for contempt, and did not confer with her here at Jackson until the answer and cross petition were filed. The trial court permitted her to file an amendment to her petition in the present proceeding on November 3, 1953, when she filed her answer to the cross petition of the appellant and her prayer for additional relief. In her amendment to her original petition she alleged that the cross petitioner had frequently visited her after he entered the military service on September 16, 1943, and as late as November 12th of that year; that he was the father of the said Doris Fay Thames, and she asked that he be required to contribute to the support of the said child who was about nine years of age at the time of the hearing of the citation for contempt. The allowance of this amendment is one of the principal assignments of error on this appeal.

There was no application for a continuance of the cause on account of the allowance of the amendment to the petition, but it was contended that the amendment should not be allowed at the beginning of the trial.

However, in view of the fact that the appellant injected into the hearing by his cross petition the question of whether he should support the third child, and had come to court armed with her birth certificate, which he introduced in evidence during the trial, disclosing the date of its birth and its paternity, we are of the opinion that the chancellor was warranted in concluding that appellant was not in position to contend that he was unprepared to meet an issue which he had raised

by his cross petition. Therefore, we do not think that the action of the trial court in allowing the amendment would constitute reversible error.

 Secondly, it is contended that the trial court was in error in permitting a collateral attack to be made on the decree of divorce rendered November 22, 1943. The basis of this contention is that it was alleged in the appellant's bill for divorce that he and the appellee became separated in February 1943, and that the granting of the decree of divorce on the basis of the proof of the allegations of the bill of complaint was a final determination of the question as to when the parties were separated. We think the answer to this contention is that the decree of divorce was granted on the ground of alleged cruel and inhuman treatment. If the suit had been filed on the ground of desertion, then the time of the separation would have been controlling, but the fact that they may have separated in February 1943 is not at all decisive of the issue as to whether or not the appellant is the father of Doris Fay Thames. It seems that the divorce case was supposed to have been tried in September 1943, and there is testimony to the effect that at that time the appellee was advised by an attorney of the appellant in that case that her husband had decided that he did not want a divorce. It appears that she did not care for a divorce and she contends that she still loved her husband at all times prior to the granting of the divorce and his remarriage on the same day. At any rate, the decree was not rendered until November 22, 1943, and the mother of the child testified that her husband visited her in her apartment in Jackson as late as November 12, 1943, prior to the rendition of the divorce, and that he had done so at frequent intervals between the time he entered the military service on September 16, 1943, and the time of his last visit on November 12, 1942. The issue in the instant case was not when the parties separated prior to the divorce, but whether or not he continued to visit her late enough to be the father of this

child which was born on September 7, 1944. We do not think that her testimony in this regard constituted a collateral attack on the divorce decree.

She testified that she did not know at the time the divorce decree was rendered she would thereafter become the mother of this third child; that she did not become aware of this fact until during the first days of January 1944 when she informed the appellant of such fact; that certain expenses were paid by the government on the theory that the appellant was the father of this child and that after it was born she received an increased allowance for its support. ■■■ Moreover, the chancellor made a finding of fact to the effect that this child had a striking resemblance to the appellant, after he had seen, talked with and observed her at court as "an extremely sweet, precious, beautiful little girl," and found in effect that he was under the same obligation to support her as he was his other two children. Then, too, the appellee testified in substance that the time within which this child was born was comparable to that experienced in regard to her first child Robert **Henry Thames.**

The chancellor found at the hearing of the instant proceeding that the appellant should be required to thereafter contribute the sum of $25.00 each per month, or $75.00 for the support and maintenance of the three children, and that he should be required to enter into bond in the sum of $1,000.00 to assure such payments, and which bond was accordingly made. The court realized that there was little that could be done in regard to the $8,900.00 in arrears under the decree of November 22, 1943. The appellant could have been adjudged in contempt of court under the proof for having contributed practically nothing either for the support of his wife or children during the past seven years, but the trial court preferred to allow him to continue in his em-

ployment with the railroad company where he could earn the means with which to help support and maintain these children in the future. The appellee sought nothing for herself in the instant proceeding, but merely aid for the benefit of her children.

 Thirdly, it is assigned as error that the trial court refused to award to the appellant the custody and control of the two older children as prayed for in his cross petition, and in adjudging that the appellee is a fit and proper person to have the custody of said children. These two children have been with their mother since birth and the court made a finding of fact that "there is no question in the mind of the court but what these children are being reasonably well cared for. They are happy in their present home. They do not want to be disturbed, * * *." In his finding of fact the chancellor rejected the testimony as to the alleged unfitness of the mother of the children to continue to have their care and custody. It is contended that this finding was against the weight of the competent, credible evidence. But a decree of a chancellor is not reversible merely on the ground that it may be against the preponderance of the evidence, since it has been repeatedly held by this Court that a chancellor will not be reversed on his finding of fact unless he is manifestly wrong.

 Fourthly, it is assigned for error the failure of the chancellor to allow the appellant any rights of visitation. Such right was granted him under the decree of November 22, 1943 and the decree here appealed from does not modify the former decree in that behalf.

The appeal here is under a supersedeas bond in the sum of $2,200.00, and requires that unless the appellant shall prosecute the appeal, with effect, and shall satisfy the decree complained of, and also such final judgment

as may be made in the cause, and all costs, the sureties will do so.

The decree will be affirmed and a judgment rendered accordingly.

Affirmed.

*Lee, Arrington, Ethridge* and *Gillespie, JJ.,* concur.