JONES *v.* JONES

No. 39995 February 27, 1956 85 So. 2d 580

*Dudley W. Conner,* Hattiesburg, for appellant.

*M. M. Roberts,* Hattiesburg, for appellee.

McGehee, C. J.

■■■ On September 8, 1953, the appellee, Mrs. Dorothy Elizabeth Lovelace Jones, obtained a decree of divorce from the appellant, Dwight Moody Jones, in the Chancery Court of Forrest County, and also an award to her of the care and custody of their little girl, Georgia Ann Jones, now about ten years of age, and an award of alimony in the sum of $55.00 per month for her own support and maintenance, and the sum of $35.00 for the support and maintenance of the child. Her bill of complaint for divorce was uncontested by the defendant, and the decree was granted on the grounds of habitual cruel and inhuman treatment. In obtaining the divorce, a property settlement was had whereby the husband conveyed to the wife the title of their residence property in the City of Hattiesburg, on which there was a loan payable in monthly installments almost as large in amount as the amount of monthly alimony that was decreed in her favor. Subsequently, she has served as deputy chancery clerk at $160.00 per month and is presently employed as deputy circuit clerk at $180.00 per month.

The husband left his wife and child in December 1952, and sometime after the divorce was granted in September 1953, he remarried. Thereafter he filed the petition involved in the present suit whereby he sought a modification of the decree of September 8, 1953, on the theory that there had been a material change in the financial circumstances of the parties, and also on the alleged ground that since the granting of the divorce his former wife had become an unfit person to have the care and custody of their little girl. Of course, the burden of proving the allegations of the petition was upon him. A trial was had which involved primarily the issue of whether the best interest and welfare of the little girl would be promoted by taking her care and custody away from the mother and granting the same to the petitioner.

Considerable testimony was given by numerous witnesses, covering more than 400 typewritten pages, and with the result that the Chancery Court of Forrest County, which had rendered the decree of divorce and awarded the custody of the child, held that the mother was a fit and proper person to have the care and custody of the child, and the relief sought by the husband in that behalf was denied. The trial court also held that the husband was able to continue the payments of the awards of alimony as originally made, and the petition for a modification of the decree of September 8, 1953 was dismissed in its entirety. It is from that action of the court that this appeal is taken.

It is to be conceded that if the testimony given by the husband, his father and mother, and by a Mr. Cooley, is true, then the welfare of the child would require that its care and custody should be changed. However, the chancellor, who has lived in Hattiesburg for many years and who doubtless knew most of the witnesses personally or by reputation, expressly found as a fact that the testimony on the part of these witnesses, and particularly of the father, paternal grandfather, and Mr. Cooley, could not be believed by the court. Every act of wrongdoing testified to by those three witnesses was expressly denied by the mother of the child and she was amply supported in her testimony by that of other witnesses, and it was on the basis of her testimony and that of her several witnesses that the chancellor found as a fact that she is a fit and suitable person to have the care and custody of the child.

 It was apparent from the argument at the bar and a reading of the briefs filed on behalf of the respective parties that we have here purely an issue of fact and a determination of that issue by the chancellor in favor of the mother on conflicting testimony. Nevertheless, all of the testimony of each of the witnesses pro and con has been carefully read and considered, fully discussed in conferences of the judges, and with the re-

sult that we have concluded that we would not be warranted in reversing the decision of the chancellor on the ground that his conclusion was manifestly wrong, which has to be the case in order to justify a reversal of a finding of fact by the trier of the facts, who had the opportunity of observing the demeanor of the witnesses and of forming a more correct conclusion than we are able to form from the mere reading of the typewritten testimony.

We have also concluded that no good purpose would be served by setting forth the alleged facts testified to by the numerous witnesses in the case.

From the foregoing views, it follows that the decree appealed from must be affirmed.

Affirmed.

*Lee, Holmes, Arrington* and *Ethridge, JJ.,* concur.