CONTINENTAL SOUTHERN LINES, INC. et al. *v.* ROBERTSON

No. 41971          October 16, 1961          133 So. 2d 543

*Butler, Snow, O'Mara, Stevens & Cannada, Roger C. Landrum,* Jackson, for appellants.

*Strong & Smith,* Louisville; *John Alton Phillips,* Macon, for appellee.

McElroy, J.

Suit was commenced by an attachment in the Chancery Court of Winston County, Mississippi, by appellee, Mrs. Ethel Robertson, against the Continental Southern Lines, Inc., and the Gulf Transport Company seeking to recover damages for injuries she sustained while a passenger on a bus belonging to and operated by the Continental Southern Lines, Inc. The chancellor found and adjudicated that the appellee, Mrs. Robertson, sustained an injury on appellant's bus which caused the appellee to suffer and be in a practically helpless condition.

The bill of complaint alleges, and the chancellor so found, that the appellee requested the appellant to secure medical attention for her, which appellant did not attempt to do. From a decree rendered against the appellant in favor of the appellee the appellant appeals to this Court.

Many of the facts in this case are in direct conflict. Mrs. Robertson, the appellee, gave evidence to the effect that on the seventh day of August 1959, she was a passenger on a bus belonging to and operated by the Continental Southern Lines, Inc. At the time appellee got on the appellant's bus, she was having no difficulty with her limbs or any part of her body; that at a time while said bus was traveling through the State of Louisiana, the appellee was sitting in a seat with her feet on the footrest on the floor of the bus; that her body shifted, causing her right foot to slip off the footrest causing her right knee to be pulled out of position and become locked as a result of the cartilage in the knee being fractured. The appellee, by holding onto the luggage racks on the bus, pulled herself to the front of the bus and notified the bus driver of her condition and requested a doctor. The bus driver told her he would see about it at the next stop. When the bus driver arrived at the next stop, the driver of the bus on which appellee was riding and another bus driver of the appellant's, assisted appellee in getting into the bus station by each of them lifting and holding

each of appellee's arms. The appellee further testified that she sat on a desk in the bus station and two bus drivers attempted to get the knee back into proper position by pulling and manipulating it, but were unable to do so. The appellee requested that the bus drivers get a doctor for her or if they could not get a doctor to get a nurse, but they declined to secure medical attention for her, stating that they did not have time. It was approximately twelve to fourteen hours from the time she received her injury until she reached her destination. This condition of her knee caused appellee excruciating pain. The inflammation and pain increased during the time she was on the bus. She did not receive any medical attention until she arrived at her destination where she was met by relatives who carried her to the doctor. Further testimony was to the effect that if the appellee had received medical attention as soon as was practical after her knee became locked and she requested the bus company to secure medical attention for her, the pain and suffering endured by appellee would have been greatly minimized; and that the failure of appellant to secure medical attention for appellee caused the condition of her knee to be made worse and the damaged condition of the knee at the present time was caused or aggravated by such failure to secure medical attention for appellee's knee as soon as was practical to do so.

The appellee's testimony was corroborated by several witnesses.

Several of the bus drivers testified that they knew of her condition but stated that the appellee did not request medical attention.

This is purely a case of conflicting testimony. The chancellor found for the complainant or appellee against the appellant, Continental Southern Lines, Inc.

We are reluctant to overrule the chancellor's finding of fact in this case.

In 13 C. J. S., Sec. 754, p. 1414, the duty of a carrier to a sick or injuried passenger is discussed, and the following rule is stated:

"It is the duty of a carrier to render such care and attention as common humanity would dictate to a passenger who is injured in an accident. Thus where a passenger falls or is thrown from a train or car, it is the carrier's duty to stop the train or car and to rescue him, if this can be done without endangering the safety of other passengers, and to take him with reasonable promptness to a place where he can receive proper treatment, or to procure others to render the necessary assistance. If the carrier fails to render such care and attention as is required under the circumstances, it is liable for the damages resulting from such neglect, notwithstanding the original injury was not caused by its negligence, or notwithstanding the negligence of the passenger contributed to his injury."

The above rule has been followed by the Supreme Courts of Louisiana, Mississippi, Texas and numerous other states. Conolly v. Crescent City Railroad Co., (La.) 5 So. 259; 6 So. 526; Trichel v. City of Monroe, (La.) 43 So. 2d 284; Searcy v. Interurban Transportation Co., (La.) 179 So. 75; Hughes v. Gregory Bus Lines, 157 Miss. 374; 128 So. 96; Meador v. Hotel Grover, et al., 193 Miss. 392, 9 So. 2d 782; San Antonio Public Service Co. v. Wellman, (Tex.) 288 S. W. 582; Alabama Great Southern Railroad Co. v. Taylor, 199 So. 310; Alabama Great Southern Railroad Co. v. Alsup, 5 C. C. A., 101 F. 2d 175; Jacob v. Pennsylvania Railroad, 6 C. C. A., 203 F. 2d, 290 and Middleton v. Whiteridge, (N. Y.) 108 N. E., 192.

In the case of Conolly v. Crescent City Railroad Co., supra, the Supreme Court of Louisiana held the carrier liable for failing to secure medical attention for a sick passenger. The court pointed out that if the passenger had received medical attention his pain would have been minimized, using the following language: "His suffering was severe, and, though he must have suffered in any

event, it would be a reproach to the medical art to suppose that it could not have found means to alleviate them had he received proper attention. The medical testimony indicated that the attack was necessarily fatal.''

In the case of Searcy v. Interurban Transportation Co., supra, the Supreme Court of Louisiana held that the carrier was liable for failing to secure medical attention for a sick passenger. In discussing the damages sustained by the passenger the court said: ''He suffered some from the stroke itself. For this, the defendant is not at fault. But the fact is that, if he had been afforded proper medical and other treatment, his discomfort and suffering would not have been so severe. He could have been relieved to some extent, to say the least. For this item of damage, we think plaintiff should be awarded $2,500.00.'' The court, in that case, cited with approval the case of Conolly v. Crescent City Railroad Co., supra, and Hughes v. Gregory Bus Lines, supra.

In the *Hughes* case the Supreme Court of Mississippi held that it was not only the duty of a carrier to secure medical attention for a sick or injured passenger while enroute but this duty continued after the passenger had reached his destination. Justice Griffith in speaking for the Court said: ''When the carrier knows of the helpless or practically helpless condition of the passenger at the end of the journey, and that the necessity of medical aid is urgent, it would none the less fail in its obligation when it simply leaves him lying there, than if it had done the like enroute.'' The Court in said case also cited with approval the Louisiana case, Conolly v. Crescent City Railroad Company, heretofore cited.

The chancellor's findings of fact are fully supported by the evidence. In the case of Jones v. Jones, 227 Miss. 1, 85 So. 2d 580, this Court held that in order to justify the Supreme Court in reversing a decision of a Chancellor on a finding of facts where the Chancellor has had the opportunity of observing the witnesses his conclusion must be manifestly wrong. To the same

effect are Boatwright v. Horton, 233 Miss. 444, 102 So. 2d 273 and McCartney v. McKendrick, 226 Miss. 562, 85 So. 2d 164.

For the foregoing reasons, the case is affirmed.

Affirmed.

*Lee, P. J.,* and *Kyle, Rodgers* and *Jones, JJ.,* concur.