## ELLIS *v.* ELLIS

No. 42897 February 17, 1964 160 So. 2d 904

*John Gregg,* Jackson, for appellant.

*Odom, Odom & Pittman,* Greenwood, for appellee.

Brady, Tom P., J.

The appellant, David W. Ellis, and appellee, Mrs. Carolyn P. Ellis, were married in 1945, and of this marriage they have four minor children. They lived together until separated on or about June 17, 1959. On February 2, 1962, by decree of the Chancery Court of the First Judicial District of Hinds County, the appellee was authorized to live separate and apart from the appellant and to retain custody of their aforesaid four children. The decree further required the appellant to pay appellee separate maintenance and support money for their said children in the sum of $300 per month, or one-half of his income whichever should be greater. The total payments to be made by appellant not to exceed $5,000 annually. The appellant was also required to furnish appellee with a monthly bank statement on the first day of each month, and at the close of the calendar year, to furnish her with a profit and loss statement. Appellant was ordered to pay appellee's attorney's fees in the sum of $300, which were payable within a four-month period.

On April 17, 1963, appellee filed her petition in the said court, praying that appellant be cited for contempt because of his failure to comply with the aforesaid de-

cree of February 2, 1962, charging that appellant had refused and failed to furnish the appellee with monthly bank statements and the aforesaid annual profit and loss statement; that appellant had likewise refused and failed to pay any part of appellee's attorney's fees, and for said interim of time from February 2, 1962, to April 17, 1963, he had paid to her only the sum of $1,300 during 1962 and $230 for 1963.

The appellant answered the petition, praying that he be cited for contempt, and denied the material allegations of said petition. By way of affirmative defense, he alleged that he has provided for appellee and his children with all the means of support he was currently able to provide; that he had suffered financial reverses and losses and that his monthly earnings had been seriously reduced; that he has been working and has been doing everything possible to comply with the aforesaid decree. He further charges that a reasonable amount of money in support of his children, under the existing circumstances, should be in the amount of $200, which he asks the court to find to be reasonable under the aforesaid conditions. Like the appellee, he also prayed for general relief.

The cause was heard by the chancellor on April 30, 1963, and, among other things, he held as follows:

"The Court finds Mr. Ellis is in arrears in the sum of $2,906.00 in his payments to his wife, which includes the child support, and $300.00 in attorneys fees. * * *

"The Court further finds that from the evidence and the general attitude of Mr. Ellis that he is definitely in contempt of Court. * * * He may purge himself of contempt by paying to Mrs. Ellis the sum of $2,906.00 and all costs of this proceeding on or before two o'clock P. M. on Monday, May 6, 1963. In the event that he has not purged himself of contempt on or before two o'clock P. M. on May 6, 1963, the Decree may authorize and direct the issuance of a warrant, or whatever is neces-

sary from the Sheriff of Hinds County, to place Mr. Ellis in the Hinds County Jail, and there to remain until he does purge himself of contempt by paying the sums that are past due and any sums that may accrue while he is in jail.''

A careful review of the evidence in this case indicates that appellant has completely failed to comply with the court's decree in that he has refused and neglected to provide appellee with a monthly bank statement on the first of each month; failed and refused to provide her with a profit and loss statement at the close of the calendar year; has refused to pay her attorney's fees in the sum of $300; and has also failed to pay the $300 per month, or a substantial sum of money each month, for the maintenance and support of his children. The last failure or neglect, the appellant contests, but the other three failures or refusals are not denied by him.

The appellant testified that his gross income for the period involved was only $3,360.00, and in spite of the fact that he has diligently worked and endeavored to earn the amount necessary to comply with the court's decree, nevertheless, it has been impossible for him to do so, and pay the aforesaid $300 a month.

Appellee contests the reasons offered by appellant for not paying the $300 per month support and maintenance money for their children, and urges that appellant's proof fails to meet the burden placed upon him by appellee's prima facie charge of contempt. Appellee further disputes the contention of the appellant that the record does not show a present ability on the part of the appellant to comply with the $300 per month payment required.

Appellee urges that the record does disclose that appellant has other money or property which he could sell or encumber in order to get the money to make the required payments. It is fundamental that before the lower court's decree can be enforced, which

cites the appellant for contempt and orders him to be committed to jail, it must reasonably appear that appellant is presently able to comply with the decree. This rule is clearly stated in Lewis v. Lewis, 213 Miss. 434, 57 So. 2d 163. In the aforesaid case, this Court remanded it because the record failed to disclose whether the husband owned an automobile or other personal or real estate on which he could raise the sum of money due under the decree. In the case at bar, however, the proof shows that appellant purchased a 1963 automobile approximately four months prior to the hearing of his contempt citation in the chancery court, and that he traded for said automobile a 4.4% interest in an oil well to a friend; that said interest in the well at the time of the hearing in the chancery court had a forced sale value of approximately $4,000, and a free and voluntary sale value of approximately $6,000. The record further shows that the appellant is now the owner of an additional 4.4% interest in a producing oil well in Marion County, Mississippi, and that this interest would likewise have a forced sale value of approximately $4,000 and a free and voluntary sale value of approximately $6,000. The record further discloses that appellant had approximately $350 in his bank account. It is urged by appellee that the rule of law laid down by this Court in Kincaid v. Kincaid, 213 Miss. 451, 57 So. 2d 263, is controlling. The rule stated in the Kincaid case is that the appellant should have shown that he earned all that he could, lived as economically as possible, and paid all surplus money above his living expenses on the alimony decree to his wife; that in such case the burden was upon appellant to show what his earnings were and what his living expenses were, including the expenses of those legally dependent upon him, but not of any other person, and that the payment of other debts or expenses will not excuse or justify a default unless such payment was necessary to continue his business or oc-

cupation because the wife's right to alimony is a prior and paramount claim on his earnings.

In the aforesaid Kincaid case, the Court went further, cited authorities, and, in an excerpt therefrom held that "the fact that his earnings were insufficient to support himself and pay alimony will not exonerate him if he has other money or property which he could sell or encumber to get money with which to make the payments, even though it may be exempt."

It is evident from the record that this appellant has property which can be sold or encumbered to get the money to make the payments ordered in the case at bar. Conceding it to be true that automobile transportation is essential to appellant in carrying out his duties as a petroleum engineer, still it is not shown that a new 1963 Oldsmobile is essential, and it is obvious that a less expensive car could have afforded the appellant the same means of transportation which he urges is so essential in his business. Furthermore, it is undisputed that the ownership of the mineral interest in the producing oil well in Marion County, Mississippi, for which appellant urges he is indebteded for drilling costs, also constitutes other property which he has and which can be sold subject to any existing liens in order to comply with the orders of the chancery court.

The record discloses, as is often the case in broken homes, that appellee's minor children have suffered because of the failure of the appellant to comply, to any substantial degree, with the orders of the court below. We hold, therefore, that the lower court, under the evidence in this case, was justified in holding that (1) the appellant was guilty of contempt in that he had failed and refused to furnish appellee with a monthly bank statement on the first of each month, which is a necessary requirement and something more than a formality; (2) that he has refused and failed to furnish an annual profit and loss statement as required by the

decree; (3) that he has neglected and refused to pay appellee's attorney's fees in the sum of $300; (4) that appellant had and has now the ability to comply with all three of these fundamental requirements; and (5) that appellant owns property sufficient in value, which, if sold, assigned or hypothecated, will enable him to comply with the orders of the court and pay the monthly payments required under the aforesaid decree. Furthermore, the evidence establishes the fact that he has the present ability to pay all sums past due and that his willful failure or refusal to do so justifies the decree of the chancery court imposing imprisonment until the appellant complies therewith, because the willful failure or refusal of appellant, as disclosed by the evidence in this record, to pay the amounts decreed for the support of his children proves that he has little regard for the orders of the chancery court. As is shown in the case of Sappington v. Sappington, 245 Miss. 260, 147 So. 2d 494, he can be held responsible for his lack of intention to comply, or for his desire or will to deliberately disobey the court's decree, since his failure to comply was not because of his inability to pay the sums required.

 ■ In passing, the appellant could have obtained more economical, and perhaps just as comfortable living quarters, thereby permitting his children to have done likewise and not be confined to two rooms. Finally, as this Court has repeatedly held, it is reluctant to set aside the findings of fact of a chancellor who heard the testimony and observed the witnesses, their demeanor and attitudes, unless said findings are clearly shown to be erroneous, unsupported by sufficient evidence or against the preponderance of the credible testimony. Early v. United States Fidelity & Guaranty Co., 181 Miss. 162, 176 So. 720; Stringer v. Stringer, 209 Miss. 326, 46 So. 2d 791; Cassell v. Cassell, 211 Miss. 841, 52 So. 2d 918; Thames v. Thames, 222 Miss. 617, 76 So. 2d 707; Jones v. Jones, 227 Miss. 1, 85 So. 2d 580; Towles

v. Towles, 243 Miss. 59, 137 So. 2d 182; Spiers v. State, 231 Miss. 307, 94 So. 2d 803.

We do not find any such error in this case, and therefore the decree of the lower court is hereby affirmed, and the cause is remanded to the Chancery Court of the First Judicial District of Hinds County for further proceedings in accordance with this decree.

Affirmed and remanded for further proceedings.

*Kyle, P. J., and Ethridge, Gillespie and Patterson, JJ.,* concur.