SMITH, Justice.
This is an appeal by Aubrey L. Sims from a decree of the Chancery Court of Forrest County, in which the court declined to modify its former decree which had awarded custody of his minor child to its mother, the Appellee, Frances Elaine W. Sims.
The parties were divorced on April 1, 1965, the decree having awarded custody of the daughter of the parties, then eighteen months old, to her mother, the appellee. On August 3, 1966, appellant filed a petition praying that the former decree be modified and custody of the child awarded to him, alleging, as a basis therefor, that there had been a substantial change in circumstances since the entry of the original decree, and that appellee was not a suitable person to have the child’s custody.
The court heard testimony touching the allegations of the petition, including that of appellee, who was placed on the stand as an adverse witness. When appellant had rested, upon motion of appellee, the court excluded the evidence and entered a decree refusing to modify its former decree, finding that there had been no material or substantial change in circumstances since its entry, and that appellant had failed to sustain his charge that appellee was unfit to retain custody of her young daughter. The child was about three years old at the time of this hearing.
The issue on this appeal is, in the main, a factual one, and presents the question of whether the chancellor’s action, upon the whole record, was manifestly wrong.
Nothing useful would be accomplished by a narration of the testimony of the several witnesses.
In Continental Southern Lines, Inc. v. Robertson, 241 Miss. 796, 801-802, 133 So.2d 543, 545, 92 A.L.R.2d 653, 656 (1961), this Court said:
The chancellor’s findings of fact are fully supported by the evidence. In the case of Jones v. Jones, 227 Miss. 1, 85 So.2d 580, this Court held that in order to justify the Supreme Court in reversing a decision of a Chancellor on a finding of facts where the Chancellor has had the opportunity of observing the witnesses his conclusion must be manifestly wrong. To the same effect are Boatright v. Horton, 233 Miss. 444, 102 So.2d 273 (sic 373) and McCartney v. Kenricks (sic McKendrick), 226 Miss. 562, 85 So.2d 164.
*806 Although the evidence before the chancellor was offered by appellant, it included the testimony of appellee, who was placed upon the stand as an adverse witness. Moreover, there were significant discrepancies and conflicts in the testimony of the witnesses offered in support of the charge that appellee was unfit to have custody of her child. On appeal, the evidence supporting appellee must be taken as true, and all reasonable inferences favorable to her contentions must be drawn therefrom.
The language of this Court in Jones v. Jones, 227 Miss. 1, 4, 5, 85 So.2d 580, 581 (1956), applies with equal cogency here:
It was apparent from the argument at the bar and a reading of the briefs filed on behalf of the respective parties that we have here purely an issue of fact and a determination of that issue by the chancellor in favor of the mother on conflicting testimony. Nevertheless, all of the testimony of each of the witnesses pro and con has been carefully read and considered, fully discussed in conferences of the judges, and with the result that we have concluded that we would not be warranted in reversing the decision of the chancellor on the ground that his conclusion was manifestly wrong, which has to be the case in order to justify a reversal of a finding'of fact by the trier of the facts, who had the opportunity of observing the demeanor of the witnesses and of forming a more correct conclusion than wei are able to form from the mere reading of the typewritten testimony.
While it cannot be said that either party is ideally situated or economically able to afford this child the best of all imaginable care, neither can it be said to have been established that the situation of this little girl would be bettered by taking her away from her mother or by placing her with her father and a stepmother whom she has never seen. The chancellor was in an excellent position to determine these questions in the best interests of the child. We are unable to say that his conclusions were not warranted upon the whole record, nor can it be said that he was manifestly wrong.
Affirmed.
ETHRIDGE, C. J., and RODGERS, PATTERSON and ROBERTSON, JJ., concur.