BRADY, Justice:
This appeal is prosecuted from two decrees entered on May 18, 1967, which authorized the adoption of a five year old minor boy, Ronnie Maurice Davis, and a three year old minor girl, Wanda Christine Davis, by Randle Vernon Davis and Edna Mae Turnage Davis, the maternal grandparents of the minors, and which denied the appellant, Billy Burl Shoemake, the father of said minor children, who is serving a life sentence for murder in the*State Penitentiary, the care and custody of said minor children. Ronnie Maurice Shoe-make’s surname was changed by the decree *421 of the chancellor to Davis, as was also the surname of his sister.
The record discloses these pertinent facts. On March 15, 1962, appellant married Rita Yvonne Davis and of this union Ronnie Maurice Shoemake and Wanda Christine Shoemake were born. On April 30, 1964, Rita Yvonne, appellant’s wife, was murdered. In 1966 appellant was indicted for the murder of his wife and pled guilty to said charge and was sentenced to life imprisonment at the State Penitentiary where he is now confined. The minor children involved in this suit were in the care and custody of the appellant’s parents, Mr. Harvey Shoe-make and Mrs. Elma Shoemake, forty-eight and forty-six years of age respectively. On September 22, 1964, appellant instituted suit for divorce stating under oath that he and Rita “finally separated on April 30, 1964,” but that “during the time the parties lived and resided together as husband and wife, he did and performed each and every duty he owed unto the defendant as a dutiful and faithful husband.” He charged as grounds for divorce that his wife was guilty of habitual cruel and inhuman treatment. On September 19, 1964, the appellant signed the affidavit attached to the bill of complaint and among other statements declared “that the cause or causes for divorce as stated in the original bill of complaint and all other averments of the complaint are true and correct as therein alleged.”
Immediately after the entry of the divorce decree on October 20, 1964, appellant married Mary Caston on October 31, 1964. The record discloses that the two minor children concerned herein spent a considerable portion of the time with their paternal grandparents though some time was spent in the company of their father and stepmother. The testimony of Mary Caston Shoemake, who was divorced from appellant, presented in minute detail the cruel mistreatment and punishment which Ronnie Maurice, when a little over three years of age, received from his paternal grandfather, Harvey Shoemake, and his uncle, Tommy Shoemake. The mistreatment was or should have been known and prevented by appellant.
On September 23, 1966, the maternal grandparents, Randle V. Davis and Edna Mae Turnage Davis, obtained custody of the two minor children through the assistance of the sheriff of Pearl River County. The children have remained in the care and custody of petitioners up to the time of the trial in May, 1967. The evidence in this cause was sharply conflicting as is disclosed by the testimony. There is, however, ample evidence to support the finding of the chancellor, and the chancellor’s finding of fact will not be disturbed in accordance with the well established rule as shown in Ellis v. Ellis, 248 Miss. 483, 160 So.2d 904 (1964); James v. Federal Royalty Co., 44 So.2d 542 (Miss.1950); and Stroud v. Loper, 190 Miss. 168, 198 So. 46 (1940).
The two errors assigned by the appellant are that the Chancery Court of Pearl River County erred in sustaining the petitions for adoption. There was a separate petition for the adoption of each child but the hearings on both petitions were heard jointly and separate decrees were entered. The second error is that the decrees of adoption are contrary to the law and the evidence. We hold that there is no merit in either of these contentions for the reason that the proof is more than sufficient to justify the factual determinations of the chancellor. After a careful and objective review of the record and briefs in this cause, we are compelled to conclude that the wise chancellor was manifestly correct in holding that the appellant is morally and otherwise unfit to rear and train the minor boy, Ronnie Maurice Davis, and the minor girl, Wanda Christine Davis. By his fruits is the appellant known. ’ The melancholy fact that appellant admitted that he murdered his wife, the mother of the two children, and then buried her body beneath the outdoor toilet and utilized and permitted his children and parents to use the toilet evidences a depravity which far exceeds moral unfitness as contemplated *422 by Mississippi Code 1942 Annotated section 1269-09 (1956).
The decrees of the chancellor as entered are therefore affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, JONES and SMITH, JJ., concur.