¶ 1. Brenda Ewing appeals the ruling of the Chancery Court of DeSoto County finding her to be in contempt for her failure to abide by the terms of the previously-entered judgment granting her a divorce from Charles Ewing. Specifically, the chancellor found Mrs. Ewing in contempt for her failure to deliver to Mr. Ewing two Yamaha Waverunner jet skis. We find that the chancellor, in adjudicating Mrs. Ewing's failure to deliver the jet skis to be wilful, failed to make findings concerning her defense of impossibility of performance. Without an understanding as to why the chancellor disregarded that defense, we are unable to conclude that an adjudication of contempt was appropriate. We, therefore, reverse and remand for further proceedings.
 ¶ 2. In the divorce judgment, Mr. Ewing was awarded all "personal property titled exclusively in his name." Mr. Ewing contended, *Page 224 
in a contempt proceeding commenced less than two months after entry of the divorce judgment, that at the time the judgment was entered, Mrs. Ewing was in physical possession of the two jet skis that were titled exclusively in his name, thus entitling him to immediate possession of the items. He further alleged that she wilfully refused to surrender the items to him despite the requirements of the judgment.
 ¶ 3. Mrs. Ewing defended on the ground that the skis were actually titled in her name, relying on two conveyances in her name purportedly signed by Mr. Ewing. She further defended on the ground that she could not comply with the provisions of the judgment, even if the jet skis were rightfully Mr. Ewing's, because the property had been stolen from her possession prior to entry of the divorce judgment. Mr. Ewing denied that he signed the bills of sale.
 ¶ 4. The parties to this appeal have, by their own actions, made this case substantially more difficult to decide on appeal than ought to be necessary. They consented to the chancellor conducting the hearing on the contempt motion without making a record. This problem was compounded by the fact that the chancellor, in adjudicating Mrs. Ewing to be in contempt, failed to make findings of fact regarding the evidence presented at the hearing. The sole record of any proceedings beyond the pleadings themselves came about as the result of a hearing on Mrs. Ewing's motion made under Mississippi Rule of Civil Procedure 59, asking the chancellor to alter the contempt judgment by vacating her adjudication of contempt. That hearing consisted primarily of a discussion as to what documents had been received as exhibits at the contempt proceeding, followed by attempts on the part of the chancellor to refresh his memory as to what had transpired at that hearing. Ultimately, the chancellor admitted into the record a number of documents, including the two bills of sale ostensibly vesting title to the jet skis in Mrs. Ewing and a series of checks bearing Mr. Ewing's signatures. The checks were introduced for purposes of comparison of the signatures on the bills of sale and these exemplars of Mr. Ewing's handwriting. The chancellor further stated at the Rule 59 hearing that, upon reflection, he recalled that he had not given weight to Mrs. Ewing's bills of sales because he found them to be suspect based on his "layman" analysis of the handwriting samples and his conclusion that Mrs. Ewing was not a particularly credible witness. He, therefore, recalled that he had earlier ruled in Mr. Ewing's favor based on documentary evidence presented by Mr. Ewing indicating that, at the time of original purchase from the dealer, the jet skis had been purchased solely in his individual name.
 ¶ 5. When the chancellor sits as fact-finder in cases such as this, he is charged with assessing the credibility of the witnesses and deciding what weight to give to the testimony and evidence. Ellisv. Ellis , 248 Miss. 483, 489, 160 So.2d 904, 907-8 (1964).Because he sees the witnesses first hand and can observe theirtemperament and demeanor, he is in a much better position toassess the worth of any particular testimony than is an appellatecourt reviewing only a written transcript. Id. This necessarilyrequires that the chancellor be afforded substantial discretion inhis evaluation of the probative value of the evidence. Rakestrawv. Rakestraw , 717 So.2d 1284 (¶ 9) (Miss Ct. App. 1998). Onappeal, our Court must give deference to the chancellor's findingsand may interfere with the chancellor's findings of fact only ifwe are convinced that the chancellor has substantially abused thediscretion afforded him in such matters. Id. As to Mrs.Ewing's claim that the chancellor erred in rejecting her evidence of asubsequent transfer of record title to the jet skis to her, we areunable to determine that the chancellor was manifestly in error infinding Mrs. Ewing's evidence of *Page 225 ownership unconvincing. We, therefore, decline to intercede on thisbasis.
 ¶ 6. There are different considerations at work, however, in the matter of Mrs. Ewing's claim that the jet skis were stolen. Nothing in the record now before this Court indicates what evidence was presented at the contempt hearing regarding Mrs. Ewing's claim that the jet skis had been stolen except for a copy of a police report concerning the alleged theft. The chancellor's pronouncements, both in his written orders and his statements from the bench, are entirely silent on this alternative defense to the contempt charge advanced by Mrs. Ewing. We are unable to determine whether the chancellor rejected Mrs. Ewing's evidence as unworthy of belief or simply neglected to consider this alternate defense to the contempt claim despite Mrs. Ewing's persistent efforts to press the issue.
 ¶ 7. The record, in the form of the previously mentioned police report, shows that Mrs. Ewing had formally reported the skis stolen to law enforcement officials before the commencement of the divorce trial and, thus, before entry of the judgment upon which Mr. Ewing stakes his claim to the skis. If it is a fact that the jet skis were stolen prior to entry of the order giving Mr. Ewing the right to possession, then it would be impossible for Mrs. Ewing to comply with the terms of the order. Impossibility of performance of a court directive due to circumstances beyond the control of the alleged contemnor is a perfect defense to a contempt citation. McHenry v. State, 91 Miss. 562, 581,44 So. 831, 835 (1907); V.A. Griffith, Mississippi Chancery Practice § 669 (2d ed. 1950).
 ¶ 8. It may well be that the chancellor viewed Mrs. Ewing's allegations of pre-divorce theft with the same skepticism that he viewed her documentary proof of ownership. However, such a finding of fact does not appear in the record, and the chancellor was not free to simply disregard Mrs. Ewing's evidence that the skis were stolen before Mr. Ewing's right to exclusive possession arose. If, in fact, Mrs. Ewing was playing fast and loose with marital assets by secreting the skis in the days leading up to the divorce trial and falsely reporting them as stolen, and if she persisted in that subterfuge through a subsequent contempt proceeding, then a ruling of contempt despite her claim of theft would be supportable. In such a case, we could only affirm the judgment and observe that the chancellor treated Mrs. Ewing with substantial leniency when he limited her punishment for such flagrant contempt to paying the approximate value of the skis. If, however, the skis were actually stolen, then Mrs. Ewing simply cannot be in contempt for her failure to accomplish an act that was impossible to perform for reasons beyond her control. Which conclusion is supported by the evidence is a question that has not been properly resolved at this point insofar as the record now before us reveals.
 ¶ 9. Having concluded that one of two defenses raised by Mrs. Ewing, upon which she presented competent proof, was ignored by the chancellor on the record, we are forced to conclude that the present judgment may not stand. The failure to deal with a major aspect of the case constitutes an abuse of the discretion granted the chancellor to fully resolve disputes presented to him for determination. It is important that these disputes be resolved in a way that permits a meaningful appellate review. We determine, therefore, that we must reverse and remand this contempt judgment for further proceedings at which the sole issue will be the proper resolution of Mrs. Ewing's defense of impossibility based on a pre-divorce theft of the jet skis, but at which the chancellor's authority to sanction for possible contempt is in no way limited to his previous adjudication.
 ¶ 10. Both parties are admonished that, should it appear that a subsequent appeal might be warranted, it is much the better practice to have a record of the proceeding *Page 226 
than to leave an appellate court to try to reconstruct events from the pleadings, from counsel's competing recollections of events, and from a busy chancellor's understandably sketchy memory.
 ¶ 11. THE JUDGMENT OF THE CHANCERY COURT OF DESOTO COUNTY OFCONTEMPT AGAINST THE APPELLANT IS REVERSED AND REMANDED FORFURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. THE COSTS OFTHIS APPEAL ARE ASSESSED TO THE APPELLEE.
SOUTHWICK, P.J., BRIDGES, DIAZ, IRVING, LEE, PAYNE, AND THOMAS,JJ., CONCUR. BRIDGES, J., CONCURS WITH SEPARATE WRITTEN OPINIONJOINED BY KING, P.J., AND PAYNE, J. MOORE, J., NOT PARTICIPATING.