Towles *v.* Towles

No. 42140 February 5, 1962 137 So. 2d 182

*Johnson & Troutt,* Senatobia, for appellant.

*McClure, Fant & McClure,* Sardis, for appellee.

RODGERS, J.

This case was appealed to this Court from a decree of the Chancery Court of Tate County, in which the chancellor dismissed the original bill and cross bill filed by the parties. The original bill by the appellant-husband sought a reduction in the amount of alimony previously allowed; and the cross bill by the appellee-wife sought an increase in the amount of alimony. The two bills filed by Mr. and Mrs. Towles are based upon the claim that there has been "a change in the conditions" of the respective parties since the original decree. Mr. Towles claims that he sold his grocery business and that he is now working in the business which formerly belonged to him. Mrs. Towles claims Mr. Towles is not under a financial stress, and charges that if he is any less able to support his family now than at the time of the original decree that it is a situation of his own-making, a voluntary predicament, and that he assumed this status in an effort to avoid paying alimony. The cross-complainant, Mrs. Towles, alleges that the cost of living has increased since the original decree, and for that reason she and the children are in need of increased support money, and that Mr. Towles is able to provide for his wife and family. Mrs. Towles filed a motion requesting the Chancellor to require Mr. Towles

to pay a reasonable attorney's fee to her attorneys. The Chancellor overruled and disallowed the motion for attorney's fee, and Mrs. Towles has renewed her motion in this Court, on appeal.

During the trial of this case evidence was adduced for both parties and many exhibits made a part of the record. After the presentation of facts and exhibits thereto, the Chancellor entered a decree dismissing the original and cross bills and denied a change in the award of alimony. He also denied and disallowed the motion for an attorney's fee.

Both parties appealed to this Court, the husband as appellant and wife as cross-appellant. Both parties allege that the Chancellor erred and was manifestly wrong, in holding that there was no material change in the circumstances of appellant, or appellee as the case may be, and in the decree dismissing the original bill, supplemental petition, or cross bill, as the case may be.

██ █ Evidence in this record strongly indicates to this Court that there has been a marked change in the financial condition of appellant, but there is also substantial evidence to sustain the findings of the Chancellor that Mr. Towles brought about his financial condition and that he can earn more money, and we cannot say he was manifestly wrong in his determination. ██ █ We cannot therefore reverse the decree on the finding of facts since there is substantial evidence to warrant the Chancellor's finding of fact. See Savell v. Savell, 213 Miss. 869, 58 So. 2d 41; Pass v. Pass, 238 Miss. 449, 118 So. 2d 769. Where the evidence is in sharp dispute, this Court will not reverse the Chancellor unless the finding is manifestly wrong. Shipman v. Lovelace, 214 Miss. 241, 58 So. 2d 657; Deposit Guaranty Bank & Tr. Co. v. J. F. Weaver Lumber Co., 215 Miss. 183, 60 So. 2d 598; Harris v. Williams, et al., 43 So. 2d 364 (Miss.). When more than one conclusion may be reached, considering the evidence and reasonable inferences, the

conclusion reached by the Chancellor will be accepted as correct and this Court will not interfere unless it is manifest that an opposite conclusion should have been reached. Early v. U. S. Fidelity & Guaranty Co., 181 Miss. 162, 176 So. 720, █ This Court pointed out in the case Aldridge v. Aldridge, 200 Miss. 874, 27 So. 2d 884, that the matter and amount of alimony awards are peculiarly and primarily matters for the decision of the Chancellor.

The appellant, Mr. Towles, argues that the Chancellor committed error in holding that a greater degree of evidence is required to change an agreed support decree than is required to modify a support decree based on a finding of the court. We do not understand the opinion of the Chancellor to mean that it would be necessary to introduce more proof to show that there is a change in the financial condition of a litigant who has agreed to a settlement of alimony than would be required to support an ordinary decree fixing alimony. It appears to us that the Chancellor intended to show by his opinion that at the time the appellant entered into the contract in which he obtained a property settlement and in which he agreed to pay Three Hundred Dollars each month for the support of his family, he knew what his financial condition was then, that he must have believed he could carry out his agreement at that time, and that it appears to the Chancellor now that appellant could still carry out his obligations to his family if he were as willing to support them now as he was at the time he signed the agreement.

 █ The objection of appellant to testimony concerning his activities prior to the decree of divorce was properly overruled because it was not offered for the purpose of proving wrongdoing but rather to prove the cause of appellant's financial crises: he was living away from his business, expenses were necessarily higher; and there is a clear inference that the bank was con-

cerned about the indebtedness due it. We are of the opinion therefore that this testimony was properly admitted in evidence. The objection to the admission of such evidence on the ground that it violates the rule of parol evidence, concerning negotiations leading up to the signing of the contract, is not well-taken. It has been pointed out that "* * * all facts and circumstances which are relevant to the issues — that is, all facts and circumstances which afford reasonable inferences or throw light upon the matter or matters contested — are admissible in evidence, unless the exclusion of any such fact or circumstances is required by some established principle of evidence * * *" 20 Am. Jur., Evidence, Sec. 246, p. 240. In Sec. 247, supra, it is said: "Generally, it may be said that any legally competent evidence which, when taken alone or in connection with other evidence, affords reasonable inferences upon the matter in issue, tends to prove or disprove a material or controlling issue or to defeat the rights asserted by one or the other of the parties, and sheds any light upon or touches the issues in such a way as to enable the jury to draw a logical inference with respect to the principal fact in issue is relevant and admissible."

██ █ Testimony of Mrs. Towles, admitted over appellant's objection, with reference to the questions "What you learned or discovered at Whitehaven, what is the average amount that an assistant store manager makes?", to which she answered "A hundred and twenty Dollars a week", the Court said "All right, unless a predicate is laid." No further objection was made and the witness was asked "From your knowledge and business in general, and from your investigation of it, what do those salaries usually average per week?" Mrs. Towles is an experienced business woman, having operated a grocery store, and in being familiar with the business, she was in a position to testify of her own knowledge, rather than testify to what she was told by

others as to the salary of a store manager at White-haven. The chancellor gave the appellee an opportunity to qualify this testimony so she could give her opinion but her qualification was not proven, and although the hearsay testimony with reference to what she was told in Whitehaven was later shown without objection, it was not necessary for the appellant to continue to object to this testimony. See Griffith's Mississippi Chancery Practice, Sec. 580, p. 644. It was improper for the court to permit Mrs. Towles to testify to hearsay information, but in this case it was harmless error, because, having excluded this evidence from the record, there remains sufficient evidence introduced in the trial to show that the store manager's earnings should be more than that shown to be paid the butcher, and other employees, working under the store manager.

It is a general rule that if, excluding incompetent evidence from consideration, this Court finds that there remains sufficient evidence in the record to support the Chancellor's findings, it will not be disturbed. See Carter v. Catchings, 48 So. 515 (Miss.).

We find no error of sufficient gravity to render it necessary to reverse the decree of the Chancellor on direct appeal.

On cross-appeal, Mrs. Towles insists that she be allowed an additional award of alimony because of increased living costs. We are of the opinion that the Chancellor was correct in his disallowance of additional alimony under the facts of this case because he took into consideration the ability of the appellant-husband to pay, as well as the needs of Mrs. Towles and the children. See Amis, Divorce and Separation, Buckley and Morse, Sec. 6.08, p. 187. See also Bilbo v. Bilbo, 180 Miss. 536, 177 So. 772; Miller v. Miller, 173 Miss. 44, 159 So. 112.

The cross-appellee, Mrs. Towles, also alleges that the Chancellor erred in not allowing a solicitor's

fee, and she has filed a motion in this Court requesting an allowance of attorney's fee here. Mrs. Towles testified as to what she obtained in the divorce settlement, as follows: $13,000 in savings, and two lots which she sold for $3,500, making a total of $16,500. She also stated in her testimony that she now has $7,000, after having purchased a home. Judge Amis, in Divorce and Separation in Mississippi, Bunkley and Morse, Sec. 5.08, p. 173, pointed out that a wife is not entitled to a fee for her attorney "* * * in any case except the one between herself and her husband concerning their matrimonial relations. Nor even then unless she shall, on application therefor, during the pendency of such suit show that she is unable to pay counsel fees herself and unless it shall appear that the suit is brought, or defended, by her in good faith for the assertion of some matrimonial right, rather than for some ulterior motive. The requisites for the allowance of counsel fees are the same as for the allowance of suit money." We are of the opinion that this finding of the Chancellor should be sustained. We therefore disallow an attorney's fee under the facts here presented.

The decree of the Chancellor is therefore sustained on direct and cross-appeal; and motion for attorney's fee filed with this Court is overruled, but the appellant will be charged with the cost of court on appeal.

Affirmed on direct and cross-appeal; motion for attorney's fee overruled.

*McGehee, C. J.,* and *Arrington, Ethridge* and *McElroy, JJ.,* concur.