Mary MORROW, Appellant,

v.

Kestutis ZIGAITIS, Respondent.

No. 41575.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 1, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 14, 1980.

Application to Transfer Denied Jan. 13, 1981.

Ernest L. Keathley, Jr., St. Louis, for appellant.

James E. Godfrey, St. Louis, for respondent.

CRIST, Judge.

Plaintiff/appellant appeals a jury verdict for defendant/respondent in plaintiff's suit to recover damages arising out of an automobile collision between the autos of plaintiff and defendant. We affirm.

The sole issue before us is whether the trial court erred in precluding plaintiff from asking the jury panel if any panel member was a stockholder, employee, director, or officer of Allstate Insurance Company after counsel for defendant admitted, out of the hearing of the jury, that Allstate was defendant's liability insurer. The events leading up to the ruling in question are very important and are set out here. After making an introductory statement and asking the veniremen several questions, plaintiff's counsel asked, "[I]s there anyone on the jury panel who owns stock in or is an employee of Sears, Roebuck and Company; is there anyone on the jury panel who is employed by–."

At this point, defendant's counsel interrupted and a discussion was held at the bench. Defense counsel objected that Sears was not involved in the case and plaintiff's counsel had not laid a proper foundation (i. e. a showing that Sears was involved). Defense counsel argued plaintiff's question indicated to the jury that a large corporation was involved. Plaintiff's counsel justified his question by stating that Allstate Insurance was the defendant's liability insurer and that Allstate was owned by Sears. The trial court sustained the objection since there was no record of any interest in the outcome by Allstate or Sears. On plaintiff's prompting, defense counsel then admitted at the bench that Allstate was defendant's liability insurer. With a record then made, plaintiff's counsel stated he would like to inquire of the jury panel if any of the veniremen were stockholders, employees, directors, or officers of Allstate. The trial court ruled against plaintiff because plaintiff had injected Sears into the case prior to making a record of Sears's or Allstate's interest in the matter. The court refused plaintiff's request that it take judicial notice of Sears's ownership of Allstate and precluded plaintiff's counsel from asking any further questions on the matter.

This is another case in which counsel has regrettably failed to follow the proper procedure for inquiring of veniremen their relation, if any, to an interested insurance company. The proper procedure, making a record out of the hearing of the jury prior to asking the insurance question, exhibits good faith. The issue in this case is basically a question of good faith and the trial court has broad discretion. This court should reverse only if there has been an abuse of discretion. *Yust v. Link*, 569 S.W.2d 236, 239 (Mo.App.1978); *State ex rel. State Highway Commission v. Beaty*, 505 S.W.2d 147, 152 (Mo.App.1974). Discretion is abused only if the trial court's ruling is clearly against the logic of the circumstances. If reasonable men could differ about the ruling of the court below, then the ruling is not an abuse of discretion. *Anderson v. Robertson*, 402 S.W.2d 589, 593 (Mo.App.1966).

Faced with the strict standard before us, we feel constrained to uphold the ruling of the court below. The transcript shows plaintiff failed to follow the proper procedure and this failure supplies a basis for the trial court's ruling. Since the trial judge is "in closer touch with the proceedings before him than we can be from the cold printed record, it seems to us that in matters of this kind much must be left to the sound discretion of the trial court." *Carter v. Rock Island Bus Lines*, 345 Mo. 1170, 1176, 139 S.W.2d 458, 462 (1940).

The judgment is affirmed.

DOWD, P. J., and REINHARD, J., concur.