**In re the Marriage of Gertrude T. HOLT, Appellant,**

v.

**C. Judd HOLT, Respondent.**

**No. 43363.**

Missouri Court of Appeals, Eastern District, Division Two.

March 23, 1982.

Motion for Rehearing and/or Transfer Denied May 14, 1982.

Application to Transfer Denied June 14, 1982.

Jerry A. Klein, Clayton, for appellant.

Kyler L. Humphrey, Clayton, for respondent.

REINHARD, Judge.

Wife appeals from an order of the circuit court modifying a dissolution decree.

The parties were married August 30, 1952, and a decree of dissolution was entered February 26, 1976. They entered into a separation agreement which provided, among other things, for wife to receive their jointly owned home which was encumbered by a note secured by a deed of trust. Husband guaranteed the payment of this obligation and agreed to make the payments on the note. (These payments were $199.00 per month). He further agreed to pay wife $575.00 per month maintenance. Wife was to have general custody of the two minor children, Susan, born June 16, 1956, and Wayne, born October 29, 1960. Husband agreed to pay her child support in the amount of $150.00 per month, per child.

At the dissolution hearing, wife asked that the separation agreement be incorporated into the decree.

In the decree, the court found the separation agreement to be conscionable, and ordered husband to pay $575 per month maintenance and $150 per month, per child, as child support. The agreement was incorporated as part of the decree and the parties were ordered to perform the same.

On December 4, 1978, husband filed a motion to modify the decree. He alleged his obligation under the decree and further alleged that at the time of the decree he was able to meet the payments, but that in May, 1978, he lost his job and he had been unable since then to find employment. He prayed that, because of changed circumstances, the decree should be modified.

The hearing was held on July 2, 1980, after which the court entered an order modifying the decree. The court reduced maintenance to $150.00 per month as of December 4, 1978. The court terminated the obligation for child support of Susan as of her 21st birthday, and terminated payments for Wayne as of the date of the hearing. The court, in its order, found "[a]t the time of the hearing on July 2, 1980, Wayne ... was employed and earning approximately $1,000.00 per month. There is no longer a need for support and said minor was emancipated on or before July 2, 1980." The court allowed wife's attorney $600.00 for attorney's fees.

On appeal wife contends the court erred in reducing the maintenance award in that

maintenance was contractual and not subject to modification and that even if maintenance is found to be decretal, there was insufficient evidence of changed circumstances so substantial and continuing since the date of the original decree to warrant a reduction of maintenance. She further challenges the right of the circuit court to make the modification of maintenance retroactive to the date of the filing of the motion. She contends that the court allowed her insufficient funds for attorney's fees and that the court further erred in terminating child support with respect to Wayne in that husband failed to plead or prove Wayne's emancipation. In our review of the case, the trial must be affirmed "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ Using this standard, we find no error in the court's determination that husband's loss of employment constituted a change of circumstances so substantial and continuing as to make the terms of the original decree to maintenance unreasonable. The separation agreement was made a part of the decree which the parties were ordered to perform. The decree was modifiable as to maintenance, *Brucker v. Brucker*, 611 S.W.2d 293 (Mo.App.1980). Lack of employment or loss of income by husband can constitute a substantial change in circumstances so substantial and continuing as to make the terms of the decree unreasonable. *Foster v. Foster*, 537 S.W.2d 833, 835 (Mo.App.1976). Here, in contrast to the circumstances in *Foster*, the court had evidence before it which would support a modification.

■ As to the effective date of the modification of maintenance, § 452.370 RSMo. 1978 provides that a decree "may be modified only as to installments accruing subsequent to the motion for modification." The trial court has the authority in its discretion to make its order effective as of the date of filing. See *Miller v. Miller*, 599 S.W.2d 237, 239 (Mo.App.1980) and *Brown v. Brown*, 537 S.W.2d 434, 437 (Mo.App. 1976). Likewise, the trial court is given broad discretion in the allowance of attorney's fees, *Kieffer v. Kieffer*, 590 S.W.2d 915, 919 (Mo. banc 1979). We find no abuse of discretion in either instance.

■ Finally, with respect to the emancipation of Wayne, husband's motion made no request for such a finding. But nevertheless the evidence supporting the finding was brought out during the testimony of wife without objection, and the parties submitted Wayne's earnings records to the court by stipulation. Therefore we conclude the issue was tried by consent. Rule 55.33(b). The evidence showed that Wayne was working full time, earning approximately $900.00 per month, and retaining his earnings. He had previously left home and lived with others. This evidence supports the court's determination that Wayne was emancipated. *See Black v. Cole*, 625 S.W.2d 397 (Mo.App.—W.D.1981).

Judgment affirmed.

DOWD, P. J., and GUNN, J., concur.