**James L. MILLER, Appellant,**

v.

**Melba D. MILLER, Respondent.**

**No. WD 32217.**

Missouri Court of Appeals,
Western District.

April 6, 1982.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
June 1, 1982.

Lawrence F. Gepford, Jr., Gepford & Sears, Kansas City, for appellant.

Gary C. Clifton, Liberty, for respondent.

Before NUGENT, P. J., and TURNAGE and LOWENSTEIN, JJ.

NUGENT, Presiding Judge.

James Lee Miller appeals from the decree of dissolution of marriage assigning as error the award of maintenance to respondent, the distribution of the marital property and the designation of a tractor as non-marital property. We affirm.

After nineteen years, the marriage of James and Melba[1] Miller was dissolved on October 3, 1980. The division of the marital property and maintenance to Mrs. Miller were the only issues at the trial.

Mr. Miller, a carpenter, testified that he had been injured in January, 1980 but was released from his physician's care four months later. He claimed that he had been unable to find work and did not know if he was physically able to hold a steady job. At the time of trial he was living on their farm in Cass County, Missouri.

Mrs. Miller, who had moved to her parents' farm near Climax Springs, Missouri, in the spring of 1979 shortly before the separation in anticipation of living there with Mr. Miller, was a licensed beautician. She had earlier operated her own shop in Adrian, Missouri, but felt that she had no opportunity to apply these skills in Climax Springs and lacked reliable transportation to commute to a larger town.

The parties disagreed as to the value of the marital property and as to the existence and amount of debts owed to their parents. Mr. Miller claimed that the parties owed $8,000 to his mother for a tractor purchased after the separation and for extra money for his living expenses. Mrs. Miller asserted that her mother, Goldie Slagle, had lent the couple $3,000 to buy the beauty shop in Adrian, $1,500 to remodel it, $2,400 to pay off a jeep and $1,900 to pay for property in Dayton, later sold. Mrs. Slagle confirmed this testimony. Victor Slagle, Mrs. Miller's father, testified that he had contributed $1,875.10 for feed for the Millers' cattle since 1979.

The final decree awarded maintenance to the wife in the amount of $175 per month, divided the marital property, and awarded the tractor to Mr. Miller. He was ordered to pay Mrs. Miller $7,000 within ninety days and an additional $4,400 to her, which could be satisfied by paying Goldie Slagle directly. The court made the following disposition of the marital property:

| MR. MILLER | | MRS. MILLER | |
|---|---|---|---|
| Assets | | Assets | |
| Note securing Dayton property | $14,800 | Farm | $42,500 |
| Adrian lots | 20,000 | Cattle | 3,880 |
| Guns, boats, motors, trailers, tools | 3,150 | Beauty Shop equip. | 500 |
| 1974 Chevrolet truck, 1975 Jeep | 5,100 | 1973 Chevrolet truck | 500 |
| Household goods | 1,250 | Household goods | 1,250 |
| Income Tax refunds, farm income | 5,850 | Liabilities | |
| | | Lien on farm | (9,300) |
| | | Lien on cattle | (3,235) |
| | $50,150 | | $36,095 |

Mr. Miller filed a motion for a new trial which the court heard, but declined to grant, instead amending the original decree to award to him the bank accounts and rent previously omitted.

___

1. The record on appeal refers to respondent as both "Melba" and "Milba".

In its review of the judgment below, this court is limited by the standards set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo.1976) (en banc). The decree should be set aside only if there is no substantial evidence to support the judgment or the court erroneously declared or applied the law, and furthermore, only if this court firmly believes that it is wrong. *Id.*, at 32. *See also* Rule 73.01. In addition, the lower court is vested with considerable discretion in dividing marital property and in awarding maintenance. *Royal v. Royal*, 617 S.W.2d 615, 618 (Mo.App.1981).

In his first two points Mr. Miller attacks the award of maintenance on the ground that Mrs. Miller did not demonstrate that she was unable to support herself and failed to show that her financial resources were inadequate. *See* § 452.335, R.S.Mo.1978[2]. He makes no claim that he cannot afford to pay the maintenance award of $175 monthly, but claims that her share of the marital property was adequate to meet her needs[3].

The undisputed evidence showed that Mrs. Miller had worked as a beautician and that she had worked hard on the farm. Employment as a beautician in Climax Springs was not feasible and she did not have reliable transportation to commute to a larger town. Although a possible source of income was the cattle, the lien was almost equal to their value. The farm awarded to Mrs. Miller grossed for the parties $643 in 1977 and $715.56 in 1978. However, after expenses and repairs, the farm yielded no profit. Furthermore, Mrs. Miller is not required to consume her assets before becoming entitled to maintenance. *Phelps v. Phelps*, 620 S.W.2d 462, 465 (Mo.App. 1981). The award is affirmed.

Mr. Miller next challenges the division of marital property as an "illogical" distribution which amounts to an abuse of discretion. The facts adduced at trial do not support this conclusion. The parties

had intended to sell both properties (the farm and the beauty shop) long before the separation. Moreover, Mrs. Miller demonstrated both an ability and a desire to renovate the farm, while there was evidence that Mr. Miller permitted the farm to become "run down" during his celibate residency.

Mr. Miller implies that he is not able to "maximize the profit" from the shop since he is not familiar with values of beauty shops. Although he now alleges that Mrs. Miller, as the former operator, better knows the value of the shop and can discuss revenues and clientele with potential buyers, he stated at trial that he thought it was worth $25,000. He was aware that the appraisal of the property by a mutually agreed upon realtor was $20,000. He also remodeled the shop himself. His argument is not persuasive. He can easily employ the services of a competent realtor and appraiser to aid him in the sale or rental of the shop. The court's distribution was neither illogical nor an abuse of discretion. Thus, this court should not interfere. *Pierce v. Pierce*, 621 S.W.2d 530, 531 (Mo.App.1981). The division in kind was appropriate in view of the trial court's overall attempt fairly to divide the marital estate.

Finally, the husband complains of the court's characterization of the tractor as non-marital property. Section 452.330, defines marital property as "all property acquired by either spouse subsequent to the marriage". Generally, property acquired by gift, bequest, devise or descent is non-marital property. It appears from the record that the tractor should have been deemed marital rather than non-marital property. However, this error is not necessarily cause for reversal if the trial court ultimately reached a correct result. *Smith v. Smith*, 561 S.W.2d 714, 718 (Mo.App. 1978). The record shows that Mr. Miller acquired the tractor without the knowledge

---

2. All statutory references are to Missouri Revised Statutes, 1978.

3. Respondent testified and appellant did not dispute that she needed $300 a month for living expenses.

or acquiescence of his wife and that the lien consisted of the purchase price plus $1250, which he spent. Furthermore, the decree awarded the tractor to him. Upon these facts, even though the tractor was considered non-marital property, the result reached by the court is not inappropriate.

For the foregoing reasons, the judgment of the trial court is affirmed.

All concur.