Karen Sue CROOKS, Plaintiff-Appellant,

v.

Jerry Lynn CROOKS,
Defendant-Respondent.

No. WD 34890.

Missouri Court of Appeals,
Western District.

Feb. 21, 1984.

George R. Lilleston, Clinton, for plaintiff-appellant.

Julius F. Wall, Clinton, for defendant-respondent.

Before SHANGLER, P.J., and KENNEDY and LOWENSTEIN, JJ.

PER CURIAM:

Karen Crooks appeals from a judgment reducing the amount of child support payable by the respondent, her former husband, from $400 to $200 per month, in failing to award her attorney fees, and ordering the respondent to execute an assignment of 30% of his net wages as child support when he completes his education and obtains employment. The respondent had filed in August, 1982 a motion to modify the original decree.

The marriage of the parties was dissolved on March 16, 1982, and the husband was ordered to pay a total of $400 per month for the support of the couple's two minor children. At the time of the dissolution, he was employed by Peabody Coal Company in Clinton, where the parties live, at a salary of approximately $28,000 per year. He had additional earnings of approximately $3,000 from part-time farming.

In April, 1982, the husband's employment with Peabody Coal was terminated because the shop was closed. His attempts to obtain other employment with the company in the Clinton area were unsuccessful. He was offered a position at a mine in Oklahoma at the same salary but declined to accept because he did not feel that the position was secure,[1] he did not wish to release the rented land he farmed, and his visitation with his children would have been substantially impaired. His efforts to find work with other companies in the county also proved fruitless.

The husband returned to college in December, 1982 to pursue an advanced degree in accounting, but continued farming part-time. His present income is $3,000 to $5,000 a year. He plans to complete his education by May, 1984.

The appellant has two part-time jobs and $12,000 in savings from which she earns a total income of approximately $5,500.

The parties' children are both afflicted with hearing problems which necessitate medical treatment.

The trial court found a change in circumstances to justify reducing the husband's total obligation of child support to $200 per month and ordered him to execute an assignment of 30% of his net wages to wife when he obtains employment. Appellant's request for attorney fees was denied.

Under the standard of review in a court-tried case the judgment must be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *C.S. v. T.S.*, 633 S.W.2d 227 (Mo.App.1982).

■ The appellant first challenges the trial court's order finding such a substantial and continuous change of circumstances as to make the previous order of support unreasonable. She refers the court to cases in which courts have imputed income to the non-custodial parent "according to what he could have earned by the use of best efforts to gain employment suitable to his capabilities." *Boyer v. Boyer*, 567 S.W.2d 749, 751 (Mo.App.1978).

However, the evidence in the case at bar clearly shows the husband's unemployment was involuntary. There was no evidence that he voluntarily declined to work, on the contrary, it is apparent that after the shop closed, he made diligent efforts to find employment both with the same company and with others. His decision to decline the job offer in Oklahoma was reasonable, considering the insecurity of the position, the distance from the children, and the fact that he would have to give up his source of supplemental income, farming. His fear of job insecurity was borne out by the event of subsequent layoffs at the Oklahoma mine.

■ The trial court's conclusion that the change in circumstances was sufficient to justify modification of the decree was supported by substantial evidence. Husband's present annual income was between $3,000 and $5,000. Wife had obtained employment since the dissolution and thus was

---

**1.** Respondent testified that there were lay-offs at the Oklahoma mine in November.

capable of sharing the burden of child support with husband. In light of these circumstances, the award of $200 per month in total child support was not erroneous.

 However, the trial court's order requiring husband to execute an assignment of 30% of his net wages as child support (when respondent completes his education and obtains permanent employment) will result in a judgment for an uncertain amount each month. As stated in *J.A.A. v. A.D.A.*, 581 S.W.2d 889, 898 (Mo.App.1979), "if a term of the judgment cannot be ascertained without resort to external proof through information or documents beyond the record it is void, unenforceable and beyond the authority of this court." *See also Niederkorn v. Niederkorn*, 616 S.W.2d 529, 539 (Mo.App.1981); *Ferriss v. Ferriss*, 477 S.W.2d 745, (Mo.App.1972). This portion of the decree is not sufficiently certain to be capable of execution at any given time without resort to external proof at another hearing. *Pettigrew v. Pettigrew*, 619 S.W.2d 364, 365 (Mo.App.1981); *Hopkins v. Hopkins*, 626 S.W.2d 389, 392 (Mo.App.1981).

Therefore, the portion of the judgment requiring husband to execute an assignment of 30% of his net wages upon his employment is reversed. The parties are free to later return to court for a determination of the amount of child support that may then be appropriate.

 The denial of attorney fees to the wife was well within the discretionary realm of the trial court and is reviewable only for abuse. *Budzinski v. Budzinski*, 632 S.W.2d 527, 530 (Mo.App.1982). According to the evidence, the parties' incomes were substantially equal. The court's refusal to award attorney fees was not in disregard of the evidence and was not and should not be disturbed.

The judgment of the trial court is reversed and the cause remanded to render a judgment in all respects the same as the one previously entered, except to delete that portion that required the respondent to execute a wage assignment of 30% of his net wages upon finding employment. Costs to be assessed equally between the parties.