**Raymond L. OVERSTREET,
Respondent,**

v.

**Mary Ellen OVERSTREET, Appellant.**

**No. WD 36128.**

Missouri Court of Appeals,
Western District.

May 21, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
July 2, 1985.

Application to Transfer Denied
Aug. 7, 1985.

Joseph Y. DeCuyper, Donnie R. Davis, Kansas City, for appellant.

Richard L. Wasserstrom, Kansas City, for respondent.

Before BERREY, P.J., and DIXON and KENNEDY, JJ.

PER CURIAM:

Wife appeals from an order of the circuit court modifying a dissolution decree and reducing the amount of child support the husband is required to pay. She argues that the trial court erred by reducing the amount of child support respondent must pay her, because respondent voluntarily retired, has not sought other employment, and has not carried his burden of showing a change in his circumstances so substantial and continuing that the original award is unreasonable. Second, appellant argues that the trial court erred in ordering her to pay her own attorney's fees.

Judgment reversed and remanded with directions to enter an order denying modification of the original divorce decree. Judgment affirmed as to the part of the order requiring appellant to pay her own attorney's fees.

A decree of dissolution dissolving the marriage of the parties was entered on

August 10, 1983. The decree provided, among other things, that respondent husband pay child support of $625.00 per month for the three minor children, who are in appellant's custody. When the parties were divorced, respondent was employed by Trans World Airlines, at an annual salary between $36,000 and $40,000.

On February 1, 1984, respondent filed a motion to modify the decree. He alleged that as of the filing date he was retired from his position at Trans World Airlines, his income was substantially reduced, and appellant's salary had increased. He prayed that because of changed circumstances, the amount of child support should be reduced from $625.00 per month to $65.00 per week, and that appellant should be required to pay respondent's attorney's fees.

The circuit court held a hearing on the motion at which respondent testified he had voluntarily retired from his job as lead mechanic at Trans World Airlines in 1984, at age 61. Respondent filed for retirement on October 27, 1983, about two months after the court entered its Dissolution Decree. Respondent alleges he retired out of fear of losing his benefits and medical insurance. Although he had discussions with appropriate Trans World Airlines authorities concerning his retirement, the record is silent on Trans World Airlines' advice or comments to respondent. There was some gossip among the employees at Trans World Airlines and some persons did retire, but no evidence exists in the record to substantiate respondent's claim that his retirement was forced and not voluntary.

After retiring respondent unsuccessfully sought new employment. He underwent surgery in St. Louis and while there the physicians determined he had some blood pressure problems. He is now on medication for this condition. He no longer is seeking full time employment. However, he has acquired equipment to set up a welding business, but prior to the hearing he had obtained only one small welding job.

Respondent voluntarily lowered his child support payment on March 1, 1984, to $285.00 per month. Prior to the dissolution decree, he was earning an annual salary in excess of $36,000. On the date of the hearing on the motion to modify, his income was limited to the following items: (1) a $233.00 monthly retirement benefit from Sun Life; (2) a $754.00 monthly retirement benefit from Trans World; (3) a $4.20 quarterly stock dividend from Trans World; and (4) a $5.00 quarterly stock dividend from Chrysler. These four items give respondent a total annual income of $11,-880.00, and a monthly income of $990.00.

The trial court ordered a modification of the decree, reducing the child support to be paid to appellant to $285.00 per month, retroactive to June 1, 1984. With the child support obligation, respondent's estimated monthly expenses are $2,100.00. His approximate net worth as of the trial was $48,000.00, most of which consists of his residence. His monthly expense estimate includes a $277.00 mortgage payment. He testified at the hearing that he had to "cut any corner" he could to survive with a monthly income that is approximately $1,110.00 less than his monthly expenses.

Appellant was only 48 years old at the time the decree was modified. She is employed as the secretary to the president of Boatman's North Hills Bank. In June, 1984, she was earning an annual salary of $15,700. On the date of the hearing on the motion to modify, her income consisted of the following items: (1) $15,700 annual salary; (2) a $340.00 quarterly stock dividend from United Missouri Bank; (3) a $75.00 annual Christmas bonus; (4) a $600.00 bookkeeping stipend; (5) a $200.00 annual profit sharing benefit from Boatman's Bank. The foregoing items provide appellant with an approximate annual income of $17,935.00, and a monthly income of $1,780.00. With the $625.00 child support payment from respondent, appellant has monthly income of $2,120.00.

Appellant's estimated monthly expenses as of June 13, 1984, were $2,318.00. This figure included $425.00 per month for college tuition and a sorority membership for the couple's oldest child, Marie. Marie is 19 years of age. She had a part-time summer job last summer, but earned only mini-

mum wage. She also had a saving account that she was depleting to help defray her educational expenses. She is receiving a scholarship that will contribute $1,700.00 over a four year period toward her tuition. Appellant's monthly expense estimate includes a $442.00 mortgage payment. Her approximate net worth as of the trial was $92,000, including equity in the marital home of approximately $46,000. Respondent's retirement benefits include medical insurance and free airline passes for the children.

On appeal the wife contends that the trial court erred by reducing the amount of child support because respondent should not be allowed to voluntarily decline to work and then plead lack of income as an excuse for not contributing toward his children's support. She further asserts that respondent had the burden of proving both a substantial and continuing change of circumstances to justify modification of the decree. She argues that respondent's voluntary retirement created a substantial change in his circumstances, but he did not prove that the change was continuing, because he did not demonstrate good faith in seeking new employment. Finally, appellant asserts that the court erred in ordering appellant to pay her own attorney's fees.

When we review a case, the trial court's decree must be affirmed "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Miller v. Miller*, 635 S.W.2d 350, 352 (Mo.App.1982). The lower court has considerable discretion in awarding child support. *Miller v. Miller*, at 352. We may set aside its decree only if we firmly believe that it is wrong, *Murphy v. Carron, supra*, at 32; *Miller v. Miller, supra*, 635 S.W.2d at 352, or it has abused its discretion, *Morrow v. Zigaitis*, 608 S.W.2d 427, 428 (Mo.App.1980).

■ Using this standard, we find there was no substantial evidence to support the trial court's determination that respondent's retirement from Trans World Airlines constituted a change of circumstances so substantial and continuing that a reduction in the amount of child support is justified. A dissolution decree that provides for payment of child support by the non-custodial parent may be modified "only upon a showing of changed circumstances so substantial and continuing as to make the terms [of the original decree] unreasonable." Section 452.370.1, RSMo Supp.1984; *Donnelly v. Donnelly*, 648 S.W.2d 898, 899 (Mo.App.1983). The burden is on the party seeking modification to establish the changed circumstances. *Donnelly*, at 900; *Jurgens v. Jurgens*, 616 S.W.2d 567, 569 (Mo.App.1981).

■ Lack of employment or loss of income by the non-custodial parent can be used to show a substantial and continuing change of circumstances if supported by substantial evidence. *Crooks v. Crooks*, 666 S.W.2d 33, 34 (Mo.App.1984). Respondent did not present substantial evidence that he was actually forced to retire. He only testified that he was fearful that he would lose his pension and the medical insurance for his children if he was laid off. He presented no evidence from Trans World Airlines officials that his job was actually in jeopardy at the time he elected to retire. Modification should not be granted if the court can see that the parent's loss of employment is from choice rather than necessity. *Foster v. Foster*, 537 S.W.2d 833, 836 (Mo.App.1976).

Further, respondent did not establish by substantial evidence that he was unable to find work after retiring. He was a mechanic for Trans World Airlines before he retired, and he testified that he has acquired the equipment he needs to do spot welding at home. Lack of initiative in finding new work may be interpreted by the court as a voluntary refusal to fulfill a support obligation. *Id.*, at 386. In *Foster*, for example, the husband testified about his aptitude for various positions. After he was laid off from his job as a truck driver, he made only minimal efforts to find a new position as a driver and failed to present any evidence that he was incapable of working. *Id.*, at 834. The *Foster* court found that the evidence raised serious

doubts about the husband's good faith in seeking new employment after he was laid off and that he had failed to show that the change in his circumstances was continuing. He would only be unemployed until he was recalled or found new work, and his lack of initiative in finding work was tantamount to voluntary refusal to pay child support. *Id.*, at 836.

■ Finally, the non-custodial parent may not use health problems as an excuse for not meeting support obligations, unless there is substantial evidence that the parent is incapable of performing any work. *Butler v. Butler*, 562 S.W.2d 685, 687 (Mo. App.1977). Respondent in this case testified that he has high blood pressure, but he did not present substantial evidence, such as expert testimony, that he is unable to earn a good income at a reduced level of activity.

■ The trial court may impute a higher income to the non-custodial parent than he is actually earning, if the evidence shows the parent has the capacity to earn more, but is voluntarily refusing to do so. *Boyer v. Boyer*, 567 S.W.2d 749, 751 (Mo.App. 1978). The court in *Klinge v. Klinge*, 554 S.W.2d 474 (Mo.App.1977), found the non-custodial parent "may not escape his responsibility to his family or stymie justified support for them by deliberately limiting his work to reduce his income." *Id.*, at 476. In *Klinge*, the husband was a doctor. After the divorce, he "lost" his hospital privileges and appealed the amount of the child support award. He had turned down a full-time position with a clinic to develop a new private practice. The court found the award reasonable because the husband had not "lost his ability to earn substantial income." *Id.*, at 476. Although his income was temporarily reduced by the loss of his hospital privileges, the court found that it was proper "for the trial court to have concluded that the husband was capable of earning a much higher income if he had chosen to work on a full time basis." *Id.*

The trial court must consider the "financial resources" of the parties in determining the amount of child support to be paid by the non-custodial spouse, including "the earning capacity of a spouse who is not employed." Section 452.370.1, RSMo Supp. 1984. Respondent did not show by substantial evidence that he is incapable of earning a substantial income and meeting his child support obligation. The trial court erred by finding that respondent's evidence showed a substantial and continuing change in his circumstances.

■ Lastly, appellant argues that the trial court erred by ordering appellant to pay her own attorney's fees for the action below. The trial court has broad discretion in ordering payment of attorney's fees in an action for modification. Section 452.355, RSMo 1978; *Holt v. Holt*, 633 S.W.2d 171, 173 (Mo.App.1982). The award is reviewable only for abuse of discretion. *Crooks v. Crooks, supra*, at 35. The parties' incomes are substantially equal. The court did not abuse its discretion by ordering the parties to pay their own attorney's fees.

Judgment affirmed as to the part of the order requiring appellant to pay her own attorney's fees. Judgment reversed and remanded with directions to enter an order denying modification of the original divorce decree.