Travis BATES, Appellant,

v.

Florence BATES, Respondent.

No. WD 40148.

Missouri Court of Appeals,
Western District.

Sept. 6, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 29, 1988.

Carl W. Bussey of Colbert & Associates, Kansas City, for appellant.

Michael E. Curley, Gregg A. Matson of McDowell, Rice & Smith, Kansas City, for respondent.

Before TURNAGE, P.J., and SHANGLER and MANFORD, JJ.

MANFORD, Judge.

This is an action for dissolution of marriage. The judgment is affirmed.

Husband-appellant presents three points which, in summary, charge the trial court erred (1) in finding that he underpaid himself from corporate earnings; (2) in ordering an unjust division of marital property;

and (3) in awarding attorney fees to respondent-wife.

There is no challenge to the dissolution of this marriage contract. Evidence revealed the marriage is irretrievably broken. There is no issue of maintenance as the same was waived. There is no issue of child support as there were no children born of the marriage. The pertinent facts as they relate to the issues before this court are summarized as follows:

The parties were married on December 7, 1979 and separated on January 13, 1986. Husband was the sole owner and shareholder of Bates & Sons Construction Company. Wife worked as a bookkeeper for the company at a weekly salary of $200.00 to $230.00.

While not in agreement concerning the applicable law, the parties do agree on the following facts: There existed $7,000.00 in paychecks received by husband which remained uncashed. A $1,500.00 income tax refund was deposited to the corporate account. During the period of the marriage, loans to husband from the corporation as the sole stockholder increased by the sum of $20,000.00, which husband agreed was an accumulated amount of interest. There was no dispute that during the marriage, the retained earnings of the corporation increased by $286,996.00. Even though husband worked between 13 and 16 hours per day and six or seven days per week, he drew a weekly salary of only $200.00 to $250.00 per week. However, when he elected to do so, husband drew funds from the corporation for personal expenses and entered a debit to the corporate stockholder's loan account on each occasion. The parties also held various parcels of real property and made improvements on them. As they sold the properties, they invested the proceeds in interest-bearing accounts of the corporation.

On August 31, 1985, the cash balance of the corporation was $214,319.00, and at the time this matter was tried, the investments and savings of the corporation amounted to $186,809.00. The evidence regarding the investments and savings was in conflict. Wife stated that those resources were not for collateral or other corporate financing, but husband testified that they were for corporate capital and corporate bonding requirements.

The issue was drawn as to whether the above financial items constituted marital property and were thus subject to division by the trial court. Determination and the disposition of that issue is considered more in detail *infra.*

As a final matter, wife's attorney submitted a claim for attorney fees in the sum of $11,932.65, and husband was ordered to pay the sum of $5,000.00 toward satisfaction of her attorney fees.

The trial court entered its decree of dissolution, which included the following terms relative to this appeal:

9. Respondent underpaid himself a salary from Bates and Sons Construction Co., Inc., during the marriage in the amount of Fifty Thousand Dollars ($50,000.00), which sum is considered by the Court to be marital property.

10. Respondent is in a financial position superior to Petitioner after considering the awards made to Petitioner herein, and it is, therefore, proper that Respondent pay a portion of Petitioner's attorney fees and costs.

11. The $20,499.00 increase in the amount of the loan from Bates and Sons Construction Co., Inc., to Respondent from the date of the marriage until approximately the date of separation is marital property.

\* \* \* \* \* \*

4. Respondent shall pay to Petitioner for her share of the marital assets and equities, a lump sum of Thirty-nine Thousand Five Hundred Dollars ($39,500.00)

This appeal followed.

Under his point (1), husband argues that the trial court erred in finding that he underpaid himself the sum of $50,000.00 and thus, by such finding, imputed income to himself. He argues that such finding is not permissible because there was no evidence of misconduct or any voluntary declination not to earn income.

In this contention, husband is correct as far as the evidence upon this record is concerned regarding misconduct and/or any declination to earn income. However, husband would have this court ignore the evidence presented to the trial court. There is no dispute that husband worked between 13 and 16 hours per day and often six and seven days per week, and that he had exclusive control as to whether he would receive a salary increase. The evidence supports a finding that he did not increase his salary. In addition, he had exclusive control over the declaration of dividends, although he admitted dividends had never been declared due to the financial condition of the corporation. During this applicable period, however, monies earned and saved were added to the "increased earnings" of the corporation.

While husband relies upon authority that income can be imputed by misconduct or voluntary declination to earn income, *In re Marriage of Faulkner*, 582 S.W.2d 292 (Mo.App.1979); *Foster v. Foster*, 537 S.W. 2d 833 (Mo.App.1976); and *Weiss v. Weiss*, 392 S.W.2d 646 (Mo.App.1965), he overlooks authority which is more applicable to the present proceedings.

Misconduct and voluntary declination to earn income are not interdependent. Voluntary declination to earn income is premised upon a more basic principle, which is whether a person voluntarily receives a reduced income or whether such reduction is beyond his personal control. In *Forhan v. Forhan*, 693 S.W.2d 164, 166 (Mo.App.1985), it was held that where a husband's actions of his own choosing amounted to a decline in income, the court could impute income. *See also Overstreet v. Overstreet*, 693 S.W.2d 242, 246 (Mo. App.1985), which held that income can be imputed upon a showing of the capacity to earn more income. The record herein clearly indicates that the matter of the husband's salary was within his exclusive control and that he voluntarily received a lesser salary commensurate with his contribution to the corporation.

Husband testified, and now argues, that the financial condition of the corporation was the reason he took no higher salary. Wife testified that monies from various sources were not entirely necessary to the financial condition of the corporation. This disputed evidence was presented in addition to the evidence which disclosed an increase (to a sum in excess of $200,000.00) in the retained earnings of the corporation. The record fails to establish that the monies held by the corporation were used in the operation of the corporation or its expansion. Some $7,000.00 in uncashed paychecks payable to husband existed. There is no evidence that the corporation could not or would fail to honor those checks. The record does show such paychecks being regularly honored since 1983. The record clearly indicates that any and all benefits which occurred to the corporation were a direct benefit to husband as the sole shareholder.

During the hearing of this matter and in addition to the testimony of the parties, the trial court had the financial documents and records pertaining to the individuals and the corporation. It should be noted at this point that while husband charges the trial court was without authority to force him or the corporation to declare a corporate dividend, this issue is not even present. The trial court specifically decreed, "The wife will not be given credit for any undeclared dividends."

While husband contends that the trial court's evaluation or determination of his performance on behalf of the corporation was not supported by substantial evidence, the record does not support his contention. His services, both as to tasks performed and the hours devoted to those tasks, were unchallenged.

From the whole of the record it must be concluded that the trial court's finding that husband underpaid himself a salary from the corporation in the sum of $50,000.00 was well supported by the evidence. The trial court did not err in such finding. In addition, the finding that the sum of $50,-000.00 as salary was marital property was also supported by the evidence and the trial court did not err in entering such finding.

Husband's point (1) is ruled against him.

Under his point (2), husband argues that the trial court abused its discretion by ordering an unjust division of the marital property, and that the trial court failed to follow both statutory and case authority in dividing the marital property. He supports his contentions by charging that the trial court's evaluation of his services to the corporation was "totally without foundation." Since this matter was resolved against him under point (1) above, no further discussion is necessary on that contention.

Further, husband contends that the financial situation of the corporation "barely permitted the level of income that was received by appellant." That was also considered under point (1) above and no further discussion is necessary.

Husband concludes that the trial court failed to consider the financial circumstances of both parties. He points to the fact that at the time of trial, wife was gainfully employed.

■ The trial court had before it the pertinent financial information regarding both individuals and the corporation. There was sufficient evidence to support the trial court's description and definition of just what constituted marital property and to ascertain the value attributable thereto. It is clear from the record that the trial court also ascertained that husband's income exceeded wife's income, and that the sum of marital property awarded husband far exceeded the sum allocated to wife. The trial court based upon the record as a whole did not err in awarding wife the sum of $39,500.00, plus the outstanding loan due wife's mother as her marital property.

Husband's point (2) is ruled against him.

■ Under his final point, husband charges the trial court erred in ordering that he pay $5,000.00 toward wife's attorney fees. Counsel for wife testified, without objection, as to the amount of his fee. Upon hearing this uncontested evidence, the court ordered husband to pay the sum of $5,000.00 toward satisfaction of those fees.

Neither the amount nor the reasonableness of wife's attorney fees were challenged by husband. He will not now be heard to complain that those fees were unreasonable, as there is nothing before this court, save his bald assertion of unreasonableness, which even suggests or establishes any unreasonableness of those fees. The trial court met the requirements of § 452.355, RSMo 1986 regarding the award of the sum of $5,000.00 toward payment of wife's attorney fees.

■ Husband finally asserts the trial court "failed to consider a host of other relevant factors such as: the complexity and scope of the legal issues, whether the legal principles involved were new and unique, the length of the transcripts and the general amount of preparation ..." These statements are nothing more than bald assertions unsupported by specifics and warrant no response by this court other than to declare that such assertions are unfounded.

The judgment is in all respects affirmed.

All concur.