**Janice Ann WARD a/k/a Janice Ann Bosko, Appellant/Cross–Respondent,**

v.

**Herman Milton WARD, Respondent/Cross–Appellant.**

**Nos. 54331, 54390.**

Missouri Court of Appeals, Eastern District, Division Five.

Nov. 30, 1988.

Michael D. Alter, Clayton, for appellant/cross-respondent.

Cynthia S. Holmes, Clayton, for respondent/cross-appellant.

PUDLOWSKI, Chief Judge.

This is an appeal from an order denying appellant's cross motion to modify child support and a cross appeal from an order denying respondent's motion to modify child support entered by the Honorable Evelyn M. Baker of the Circuit Court of St. Louis City.

Appellant, Janice Ann Ward, hereafter referred to as wife, and respondent, Herman Milton Ward, hereafter referred to as husband, were married on April 3, 1970. The couple was subsequently divorced on December 18, 1978. The marriage produced three children: John Andrew Ward, born October 19, 1972; Jill Christine Ward, born September 9, 1975; and Amanda Ann Ward, born September 27, 1977. At the time of the dissolution, wife received control and custody of the children and husband was required to pay $31.00 per week, per child for child support and maintain the insurance provided to him by his employer as long as he remained employed. On January 5, 1984 the dissolution decree was modified increasing husband's child support obligations to $40.00 per week each for John and Amanda and to $45.00 per week for Jill. This increase in child support stemmed from Jill's hospitalization and continuing need for medical treatment. Jill suffers from a liver disorder known as biliary artesia. Her condition has improved through surgery but she still suffers from residual liver disease. Although Jill has improved it is unclear what her future medical expenses will be. Jill was most recently hospitalized in 1986 and accumulated medical expenses in the amount of $20,335.22. Jill's medical expenses were not covered by insurance because the insurance policy husband had through his employer had lapsed due to the employer's failure to pay the insurance premium. Husband was not allowed to continue the insurance coverage by paying the premiums himself and all attempts by both wife and husband to get insurance for Jill have been futile. Husband subsequently lost his job when his employer went out of business in August of 1986. Husband has since been unable to find employment.

Wife's motion to increase the amount of child support received was denied and this appeal follows. Wife contends that the trial court erroneously applied the law and abused its discretion in denying the motion to modify because there was clear and convincing evidence that the increased expenses in caring for the parties' child were substantial and continuing.

On appeal, we are to give deference to the trial court's determinations unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Section 452.370 RSMo (1986) provides that a decree concerning child support can be modified only upon a showing of changed circumstances so substantial and continuing as to make the decree's terms unreasonable. Wife contends that because the children are no longer covered by medical insurance that a change of circumstances has occurred. We agree. Wife is now faced with large medical bills and the prospect of even larger medical expenses to occur in the future. However, a prime factor in determining the reasonable needs of the child is the reasonable ability and capacity of the father to pay. *Ingebritson v. Ingebritson*, 677 S.W.2d 924 (Mo.App.1984). More often than not, the needs of the child are greater than the ability of the father to pay. In this situation, the trial court must allocate as much as possible from the father's income for the support of the child while leaving the father enough income to reasonably support himself. *Alvino v. Alvino*, 659 S.W.2d 266, 270 (Mo.App.1983). Husband received unemployment compensation in the amount of $125.00 per week until shortly before trial. Husband's unemployment compensation was equal to his child support obligation. Husband supplements his income through the buying and selling of antiques. At the present time, husband's new wife earns approximately $12,000.00 per year which the couple uses to support themselves. After a review of the record, we find that the trial court did not abuse its discretion in determining that husband was unable to pay any more child support.

Wife contends that although husband lost his job as a result of his company's closing, his continued lack of employment was from choice rather than necessity or inability to work. Wife cites *Foster v. Foster*, 537 S.W.2d 833 (Mo.App.1976) as controlling. We cannot agree. The facts in

*Foster* are distinguishable from the case at bar. In *Foster,* the husband was laid off from his job subject to recall on the basis of seniority. Husband made some attempts to find employment in the same field of work but was unsuccessful. In denying husband's motion for reduction in child support, the court found that husband had not used his best efforts to gain employment suitable to his capabilities. In the case at bar, husband had applied for approximately two hundred twenty (220) jobs from the time he became unemployed in August 1986 until the time of the hearing in March 1987. Husband has applied for a wide variety of jobs in and outside of his area of skill. Husband's job search has failed, however, to produce any job offers. The record indicates that husband has made a diligent effort in attempting to find employment and has been unsuccessful through no fault of his own. Wife's claim is without merit.

Turning now to husband's cross appeal, we also find this claim to be without merit. This cross appeal arises out of the trial court's denial of husband's motion for a reduction in child support.

■ Husband contends that there was clear and convincing evidence of a substantial and continuing change in circumstances adversely affecting his ability to pay child support and increase in the wife's ability to contribute through her husband. In determining the validity of modifying of support payments, the paramount concern is the welfare of the child and not the welfare of the parents. *Moore v. Morgan,* 723 S.W.2d 583, 584 (Mo.App.1987). In these situations the father has a heavy burden in proving he is unable to support his children in the manner contemplated by the original dissolution decree. *Id.* at 584–85. We do not feel that husband has met his burden in this case. Husband's income has apparently decreased dramatically since the time of the previous modification, however, we find that husband is in a position to continue the payments as set out in the decree. The record indicates that husband has unreported income from the buying and selling of antiques. Though the exact amount of income is unknown, the record indicates that this amount is approximately "several thousand dollars" and is at least enough to support husband and his new wife. Moreover, husband's new wife has an annual income of approximately $12,000.00. This income must be considered by the court under § 452.370.1, RSMo (1986). This amount directly reflects husband's resources which are available for the support of the children. *Loetel v. Loetel,* 706 S.W. 2d 235 (Mo.App.1986).

■ Husband argues that because wife's financial situation has improved due to her remarriage his payments should be reduced. Wife's new husband has annual income of approximately $38,000.00. With respect to minor children, the primary duty to support is that of the father, however, the mother may be called on to help support the children. *Cole v. Estate of Armstrong,* 707 S.W.2d 459, 462 (Mo.App.1986). Husband is currently required to pay $500.00 a month for the support of his children. This is but a fraction of the total cost of caring for the children. Wife is paying for the majority of the care for the children. Wife currently owes approximately $20,000.00 in medical bills for the children and due to lack of insurance it is certain that this amount will increase in the future.

A careful review of the record indicates that the trial judge did not abuse her discretion in denying the motion for reduction of child support.

JUDGMENT AFFIRMED.

CARL R. GAERTNER, J., and SIMEONE, Senior Judge, concur.